## SIMMONS *v.* CITY OF CAMDEN.

CORPORATIONS.—Under the general incorporation act, cities and towns have authority to lay out, open, grade and keep in good repair the streets of a city or town, and a suit will not lie at the instance of an individual for damages, resulting from injuries to private property, from the lawful exercise of this authority, by the incorporation, where there has been no negligence, want of care or skill in its exercise.

*Appeal from Ouachita Circuit Court.*

Hon. G. W. McGowen, Circuit Judge.

*Warren & Warren,* for appellants.

*Garland & Nash,* for appellee.

Harrison, J.

William R. Simmons sued the mayor and aldermen of the city of Camden, to recover damages for an injury to his property, occasioned by the grading of Washington street, in said city. .

The complaint alleged that the plaintiff was the owner of a lot on said street, with two frame buildings thereon, and that the defendants had graded said street, and in doing so, had thrown up and raised the same so as to make an embankment in front of said lot, six or seven feet high, whereby all access to the buildings from the street was cut off and prevented, and the said premises greatly depreciated in value.

A demurrer to the complaint being sustained, the plaintiff appealed.

There can be no question as to the authority of the defendants to grade the street, or do the act from which the injury to the plaintiff's property resulted, for to lay out, open, grade and keep in good order and repair the streets, within the city, was one of the main objects for which corporate privileges and powers were conferred upon its inhabitants, as is clearly inferable from the acts of incorporation, or its charter, and the several acts amendatory thereof, and such power is expressly given the mayor and aldermen by the general act for the incorporation and government of cities and towns, and there is no complaint that they exceeded their authority in any respect; for no negligence or want of care or skill is alleged and none can be presumed.

The question for our consideration then is : Is the plaintiff entitled to recover for an injury to his property resulting from an act done by the defendants, under lawful authority and in a proper manner?

The maxim that a man shall so use his own property as not to injure his neighbor, imposed upon him the duty, in such use, of exercising care and diligence to prevent or avoid harm or injury to another, but does not impair the enjoyment of his

rights in it, for it is also, a maxim, that he who uses his own right, harms no one.

The application of this principle is seen in the following cases : In *Radcliff's Ex'rs v. Mayor and Aldermen of Brooklyn, 4 Comst. 195,* it was held that where a municipal corporation, under rightful authority, without negligence or want of skill in the execution of the work, grades and levels a street, an action will not lie by an adjoining owner, whose lands are not actually taken, for consequential damages to his premises. Chief Justice BRONSON, in delivering the opinion of the court in that case, said : "As no question has been made on that subject, we must assume that the defendants had acquired the title to the lands in the site of the street, in the form prescribed by law.    In leveling and grading the street, they were at work in their own land, doing a lawful act for a lawful purpose.    They did not touch the testator's property; and the question is, whether the damage, which resulted to him in consequence of grading the street, must be regarded as *damnum absque injuria.*    The maxim *sic utere tuo ut alienum non lœdas,* is not of universal application; for, as a general rule, a man who exercises proper care and skill, may do what he will with his own property."  *  *  *  *  *  *  *  *  "A man may do many things, under a lawful authority, or in his own land, which may result in an injury to the property of others, without being answerable for the consequences.    Indeed, an act done under lawful authority, if done in a proper manner, can never subject the party to an action, whatever consequences may follow.    Nor will a man be answerable for the consequences of enjoying his own property, in the way such property is usually enjoyed, unless an injury has resulted to another from the want of proper care or skill on his part."

In *Panton v. Holland, 17 John. 92,* where the defendant, in the exercise of ordinary care and skill, in making an excavation for the purpose of laying the foundation of a house in his own land, dug so near the foundation of plaintiff's house as to cause it to crack and settle, it was held he was not liable for

the injury. In *Lasala v. Holbrook, 4 Paige, 169,* it was held that a person cannot be restrained from making a reasonable improvement on his own premises, upon the ground that it cannot be made without endangering an edifice erected on the adjacent premises, if the owner of the adjacent premises does not possess any special privileges protecting him from the consequences of such improvements, either by prescription or by grant from the person making the improvement, or from under whom he claims title.

In *Thurston v. Hancock, 12, Mass. 220,* the plaintiff had built his house in his own land, within two feet of the boundary line of his own land, and ten years after, the owner of the land adjoining, dug so deep into his own land as to so endanger the house, that the owner was compelled to take it down; it was held that the defendant was not liable for damage to the house, but that the plaintiff was entitled to recover for the damage arising from the falling of his natural soil into the pit so dug. In *Creal v. City of Keokuk, 4 G. Greene, 47,* it was held that the plaintiff was not entitled to recover for an injury to his store-house, in consequence of a change made by the city in a prudent and skillful manner, of the grade of the street on which it was situated, after he had built his store-house.

And in *Humes v. Mayer & Co., 1 Hump. 403,* the mayor and aldermen of Knoxville were held not liable for an injury to the plaintiff's property, caused by an excavation of the street made by them, with a view to its improvement, and with such care and skill as to do as little damage as possible.

These authorities conclusively show that the plaintiff had no cause of action, and that the demurrer to his complaint was rightfully sustained.

Judgment affirmed.