CHARLES DURAND vs. BOROUGH OF ANSONIA.

New Haven Co., March T., 1888. PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

The authorities of a borough made a change of a few inches in the grade
of a street, and ordered the plaintiff, a property owner on the street,
to lower a sidewalk which he had already constructed of concrete,
with curbing and gutter, so as to conform to the changed grade of the
street. He neglected to obey the order, and the authorities of the bor-
ough, under a provision in its charter, did the work. In a suit brought
by him for damages for breaking up the old walk and injuring a row of
trees along the walk, it was held—

1. That the order was sufficiently definite in directing the plaintiff to
lower his walk to conform with the changed grade of the street, and
that it was not necessary that the order should specify the number of
inches that it was to be lowered.

2. That the authorities of the borough, having the right to do the work on
his failure to obey the order, were not answerable for the inevitable
consequences to his property.

Whenever the authorities of a municipality determine the grade of a street,
they determine it for the entire space that had been subjected to the
public easement, unless there is an express exclusion of a portion.

[Argued June 21st—decided October 9th, 1888.]

ACTION for damages for breaking up a concrete sidewalk
in front of the plaintiff's premises and injuring trees grow-
ing along the walk; brought to the Court of Common Pleas
in New Haven County. The plaintiff demurred to the
defendants' answer, the demurrer was sustained by the
court, (*Deming, J.,*) and the case heard in damages. The
facts were found and damages assessed at two hundred
dollars. The defendants appealed. The case is sufficiently
stated in the opinion.

*C. R. Ingersoll*, for the appellants.

*E. B. Gager*, for the appellee.

PARDEE, J. On September 28th, 1885, the plaintiff was
the owner of land abutting upon South Cliff street in the

defendant borough. Upon the street, in front of his land he had previously constructed a concrete sidewalk, six feet in width, and had planted on the outer edge a row of trees; outside of these was a gutter, paved and curbed.

On the day above named the wardens and burgesses of the borough, in the exercise of power conferred by its charter, changed the grade, but not the course or width of the street, in front of the plaintiff's land; and on May 24th, 1886, ordered "the property owners interested to curb and pave gutters and concrete the sidewalks * * * to the established grade "—to be done before October 1st, 1886.

The plaintiff refused to obey the order, and in May, 1887, the borough performed the work, removing so much of the concrete walk, soil and grass as was necessary to make the grade of the walk conform to the new grade of the street.

The plaintiff thereupon brought this complaint, alleging that the defendant had unlawfully entered upon his land, torn up the sidewalk, curb and gutter, removed the soil, and injured the trees; claiming damages.

The defendant, for answer, alleged that it had done the work as it might lawfully do, because of his refusal to execute its order.

To this the plaintiff demurred, because there was no allegation that the borough had ever designated, fixed or established either the width, height, or grade of the sidewalk to be laid ; nor that it had designated, fixed or established the grade thereof to be the same as that of the street. The demurrer was sustained and the plaintiff had judgment.

The defendant appealed, in effect for the reason that the court had decided that the answer neither alleged that it had designated, fixed and established the width, height and grade of the sidewalk, nor that it had designated, fixed and established the grade thereof to be the same as that of the street.

The question presented is, was the order sufficiently precise to require obedience on the part of the plaintiff?

The courses, distances, width and grade of streets within the borough are all within its power to determine. And,

whenever it determines the grade of a street, it determines and declares it for the entire space which has been subjected to the easement in behalf of the public, unless there is express exclusion of a portion.

In the case before us there was a street of established width, courses, distances and grade; sidewalks, curbs and gutter had been laid and long used. The borough passed an order to change the grade of the street by lowering it a few inches, leaving courses, distances and width unchanged. The plaintiff's whole front was one hundred and eighty-six feet, and at each end the height of the old walk above the new grade of the street was between two and three inches, and rose in the middle to eight inches. The borough ordered the plaintiff to lower his sidewalk so as to conform to the newly established grade, thus furnishing him a standard; and required nothing more from him. It was his duty to read this order in the light of facts known to him, and to see in it a requirement to construct a new sidewalk of the width and course of the then existing one, but adjusted to the slightly changed grade of the street; an order merely to lower his walk.

It is not the duty of the borough to frame an order which shall exclude a possible doubt; only that it shall exclude a reasonable one. This it did. Therefore, the results of a mistake in interpreting it must fall upon the plaintiff.

Upon his refusal to execute a lawful order, the borough, in the exercise of power conferred by the charter, executed it in a lawful manner; and upon the pleadings is not answerable to him for the inevitable consequences to his property.

This conclusion renders it unnecessary to decide the question raised as to the rule of damages.

There is error in the judgment complained of.

In this opinion the other judges concurred.