## OLDFIELD v. CITY OF TULSA.

No. 23116. Jan. 22, 1935.

H. O. Bland and G. E. Conway, for plaintiff in error.

R. P. Colley, City Atty., Bert E. Johnson, E. M. Gallaher, and John M. Jordan, for defendant in error.

PER CURIAM. B. R. Oldfield, plaintiff in error, was plaintiff below, and city of Tulsa, a municipal corporation, defendant in error, was defendant below; and for convenience the parties will be referred to as they appeared in the trial court.

The plaintiff commenced his action in the court of common pleas of Tulsa county.

Okla., by filing his petition in which he alleged that he was engaged as a barber in the city of Tulsa, Okla., for a long time prior to July 25, 1930, his business address being 103 North Main street in Tulsa, Okla.

That on or about that date, the defendant, in the exercise of its powers of eminent domain, commenced public operations on what was denominated as the "Union Station Project" in said city, and that in pursuance thereof it became essential to raise the grade on Main street from Archer street to First street, and that a viaduct be erected over the right of way of the St. Louis-San Francisco Railway Company intersecting said Main street; that for six months' time, Main street between Archer and First streets was blocked and closed, as was Archer street, due to public improvement operations.

The plaintiff further alleged in his petition that his business was established on the northeast corner of the intersection of Main and Archer streets, and that his business depended upon the location of his place of business.

He further alleged that prior to said public improvement operations, his average net income was $58 per week, but that since the commencement of such public improvement operations his net income decreased to the sum of $23.75 per week, and that he suffered a total loss of profits in the amount of $822.

He further alleged that he filed his claim for such amount, and that payment was refused.

He further alleged that the defendant did not condemn his business or his profits, or rights to profits, nor has it taken any steps to fix such damage.

To this petition the defendant filed a general demurrer, which the trial court sustained.

The question for determination by this court is whether loss of profits suffered by a person engaged in business and occasioned by the acts of those entities having the rights of eminent domain constitutes "property" within the purview of the Constitution and laws of this state granting rights of eminent domain.

Article 2, section 24, the Constitution of the state of Oklahoma, provides in part:

"Private property shall not be taken or damaged for public use without just compensation."

In the case of City of Winchester v. Ring,

312 Ill. 544, 144 N. E. 333, the Supreme Court of Illinois makes the following statement:

"The provision of the Constitution that private property shall not be damaged for public use was not intended to reach every possible injury that may be occasioned by a public improvement. If an obstruction or improvement does not practically affect the enjoyment or use of property not taken, and thereby impair its value, no action will lie. To sustain an action for such damages, the damage must be to property and not a mere personal inconvenience or **injury, such as damage to trade or business.**" (Emphasis ours.)

In the case of Iron City Automobile Co. v. City of Pittsburgh, 253 Pa. 478, 98 Atl. 679, the court says:

"At common law no damages were recoverable when property was taken for a public improvement. While, in the course of time, compensation was allowed for an actual taking and subsequently for an injury to property, yet, from the authorities which we have reviewed, it may seem that our constitutional provision, allowing 'just compensation for property taken, injured or destroyed' (article 16, sec. 8), 'made no change in the character of property for which damages could be recovered,' and that under no circumstances can 'profits of business' be claimed in condemnation proceedings."

In the case of City of Oakland v. Pacific Coast Lumber & Mill Co., 171 Cal. 392, 153 P. 705, the court says:

"It is quite within the power of the Legislature to declare that a damage to that form of property known as business or the good will of business shall be compensated for; but, unless the Constitution or the Legislature has so declared, it is the universal rule of construction that an injury or inconvenience to a business is damnum absque injuria and does not form an element of the compensating damages to be awarded. San Francisco v. Kiernan, 98 Cal. 614, 33 P. 720; 15 Cyc. pp. 646, 733; Nichols, Eminent Domain, sec. 190."

In the case of Chicago v. Taylor, 125 U. S. 166, 31 L. Ed. 640, 8 Sup. Ct. 820, the Supreme Court of the United States in discussing the case of Rigney v. Chicago, 102 Ill. 64, observed that the Rigney Case appears to have been the first case decided under the constitutional provision embodying the "damage clause." In that case it was held that the damages contemplated were those resulting from the direct physical disturbance of a right, either public or private, which a landowner enjoyed in connection with his property, and which gave to it an additional value. The court

does not say in this case that the land must actually be invaded or disturbed in order to give its owner a right for damages under the constitutional provision, but that it was sufficient if some right connected with the land had been disturbed basing the right of damages on the ground that a right had been disturbed.

From the foregoing authorities, we deem it to be the proper interpretation of the applicable constitutional provision of this state that damage to that form of property known as business or the good will of a business is damnum absque injuria, and does not form an element of the compensating damages to be awarded.

This court has heretofore held that a municipal corporation may temporarily inconvenience citizens and property owners by the construction of public improvements. See Adams v. Oklahoma City, 20 Okla. 519, 95 P. 975; City of Mangum v. Todd, 42 Okla. 343, 141 P. 266; City of Yale v. Noble, 113 Okla. 106, 239 P. 463; Scrutchfield v. Choctaw, O. & W. Ry. Co., 18 Okla. 308, 88 P. 1048.

We find no error in the action of the trial court, and judgment is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Roy J. Elam, Dan Mitchell, and Carl Kruse in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Elam and approved by Mr. Mitchell and Mr. Kruse, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.