199 So. 862

THOMPSON et al. v. CITY OF MOBILE et al.

1 Div. 110.

Supreme Court of Alabama.

Jan. 23, 1941.

Harry Seale, of Mobile, for appellee City of Mobile.

George A. Sossaman, of Mobile, for appellants.

McCorvey, McLeod, Turner & Rogers, of Mobile, for appellee Sullivan, Long & Haggerty.

526

KNIGHT, Justice.

This action was brought by the appellants, plaintiffs in the court below, against the City of Mobile and against Sullivan, Long and Haggerty, a limited partnership, to recover damages for certain alleged wrongs committed and done by the appellees.

It is averred in the complaint, which consisted of a single count, that on April 1st, 1939, the plaintiffs were in the possession of certain property on the north side of Government Street in the City of Mobile, with the exclusive right to the possession thereof until November 1st, 1939, and was then and there conducting a general produce and vegetable business thereon; that as a part of their said business it was necessary for the plaintiffs to have the free access to the building from the street for the purpose of loading and unloading produce and vegetables "into and out of said store." That on or about April 1st, 1939, the City of Mobile undertook to construct a large sewer down Government Street in front of said property and employed the said Sullivan, Long and Haggerty, contractors, to construct said sewer; that in constructing said sewer the defendants blockaded the front of plaintiffs' premises so that it was impossible for vehicles to approach plaintiffs' store to load and unload their produce and said blockade continued from April 1st, through November 30th, 1939. Plaintiffs aver that as a proximate result of said blockade their business was greatly hindered and lessened, customers left it, all because plaintiffs were unable to use their store in the ordinary course of their business; that on July 1st, 1939, plaintiffs removed their business to another location because they were unable to continue at that location on account of said blockade; and that they lost the entire use of said building from July 1st, 1939, through October 31st, 1939.

To this complaint the two defendants separately demurred, assigning a number of grounds. These demurrers appear in the report of the case.

The court sustained the demurrer filed by each of the defendants, and thereupon the plaintiffs suffered a nonsuit, with appeal upon the record.

In brief of counsel for appellants the following statement is made at the outset of his argument: "The sole question to be decided is whether or not a municipal corporation is liable to an abutting property holder when it blockades the streets for the purpose of repairing same and thereby causes injury and loss of business to the property holder. There is no question of negligence or lack of diligence involved in this case. For the purpose of this argument it may be conceded that the City of Mobile constructed the sewer in a proper manner and without delay."

It is also stated in brief that "The reason that the contractor was made a party in this suit is that Section 2030 of the Code requires that the party doing the injury be joined with the city and if he be not joined, then the plaintiff shall be nonsuited." It is also conceded that if the city is not liable in damages to appellant, neither is the contractor.

On demurrer, we must construe the complaint most strongly against the pleader, and, therefore, we must assume that the City of Mobile was proceeding in the lawful exercise of municipal power and authority in making the improvement, and the only question here presented is whether,

in exercising that power, it violated any property right of the plaintiffs, for which under Section 235 of the Constitution it, the city and the contractor, became liable in damages to the plaintiffs.

■ It may be stated in the outset that a municipal corporation is not liable in damages for any consequential injuries to private property, resulting from the construction of duly authorized public improvements, where there has been no negligence or want of care or skill, in the absence of constitutional or legislative provisions imposing liability in such cases. 44 Corpus Juris, p. 423, § 2631; Northern Transp. Co. v. Chicago, 99 U.S. 635, 25 L.Ed. 336; Simmons v. Camden, 26 Ark. 276, 7 Am.Rep. 620; Durand v. Ansonia, 57 Conn. 70, 17 A. 283; City of Macon v. Daley, 2 Ga.App. 355, 58 S.E. 540; City of Kokomo v. Mahan, 100 Ind. 242; Goodrich v. Otego, 216 N.Y. 112, 110 N.E. 162; City of Cincinnati v. Penny, 21 Ohio St. 499, 8 Am.Rep. 73; Alexander v. Milwaukee, 16 Wis. 247; City Council of Montgomery v. Maddox, 89 Ala. 181, 7 So. 433.

The pertinent provision of Section 235 of our Constitution provides:

"Municipal and other corporations and individuals invested with the privilege of taking property for public use, shall make just compensation, to be ascertained as may be provided by law, for the property *taken, injured,* or *destroyed* by the construction * * * of its works, highways, or improvements * * *." (Italics supplied.)

■ In our recent case of Alabama Power Company v. City of Guntersville, 235 Ala. 136, 177 So. 332, 339, 114 A.L.R. 181, after a full review of many authorities as to what constituted a *taking, injuring* or *destroying* of property within the meaning of the constitutional provisions which require that just compensation shall be first made to the owner for such *taking, injuring* or *destroying,* we adopted the following rule of liability, viz: "That just compensation must be made by municipal corporations and other corporations and individuals invested with the privilege of taking property .for public use, when, by the construction or enlargement of 'its' works, highways, or improvement, there will be occasioned some direct physical disturbance of a right, either public or private, which the owner enjoys in connection with his property, and which gives it an additional value, and that by reason of

such disturbance he has sustained some special damage with respect to his property in excess of that sustained by the general public."

■ The fact that the plaintiff was only a lessee of the premises, with a definite, fixed tenure, and not the owner of the fee can exert no controlling influence in determining his right to "just compensation" for the taking, damaging or injuring of the property in question by the City of Mobile by the construction or enlargement .of its works, highways or improvements, if there was, in fact, such a taking, injuring or damaging of the property within the meaning of Section 235 of the State Constitution. At most such fact can only go to the quantum of compensation to be awarded to the tenant. 44 Corpus Juris, p. 450, § 2073; Chiesa & Co. v. Des Moines, 158 Iowa 343, 138 N.W. 922, 48 L.R.A.,N. S., 899; Philadelphia, etc., Coal Co. v. Boston, 211 Mass. 526, 98 N.E. 1067.

We confess our inability to find any case in this state, where this court has had the question here presented before it, but other states, with not dissimilar constitutional provisions, have considered cases wherein damages were sought to that form of property known as business or the good will of a business, or to trade, and it seems to be well settled by such authorities that such damages are not recoverable against the city, such cases holding that damages to be recoverable, must be to property, and not for a mere personal inconvenience or injury to business. Pemberton v. City of Greensboro, 208 N.C. 466, 181 S.E. 258; City of Winchester v. Ring, 312 Ill. 544, 144 N.E. 333, 36 A.L.R. 520; Oldfield v. City of Tulsa, 170 Okl. 329, 41 P.2d 71, 98 A.L.R. 953; Iron City Automobile Co. v. City of Pittsburgh, 253 Pa. 478, 98 A. 679, 684, L.R.A.1917C, 420.

In the case of Iron City Automobile Co. v. City of Pittsburgh, supra, it was observed: "At the common law no damages were recoverable when property was taken for a public improvement. While, in course of time, compensation was allowed for an actual taking, and subsequently for an injury to property, yet, from the authorities which we have reviewed, it may seem that our constitutional provision, allowing 'just compensation for property taken, injured, or destroyed' * * * 'made no change in the character of property for which damages could be recovered,' and

that under no circumstances can 'profits of business' be claimed in condemnation proceedings."

In the case of City of Oakland v. Pacific Coast Lbr. & Mill Co., 171 Cal. 392, 153 P. 705, 707, the Supreme Court of California held: "It is quite within the power of the Legislature to declare that a damage to that form of property known as business or the good will of a business shall be compensated for; but, unless the Constitution or the Legislature has so declared, it is the universal rule of construction that an injury or inconvenience to a business is damnum absque injuria and does not form an element of the compensating damages to be awarded."

The Supreme Court of Oklahoma, in the case of Oldfield v. City of Tulsa, supra, held that the loss of anticipated profits by one in business occasioned by the temporary closing of a business street for the purpose of making public improvements does not constitute property as contemplated by the Constitution of the State of Oklahoma, providing that "Private property shall not be taken or damaged for public use without just compensation." Okl.St.Ann.Const. art. 2, § 24.

The Supreme Court of Arkansas, in the case of Donaghey v. Lincoln, 171, Ark. 1042, 287 S.W. 407, 410, observed that "The authorities on this subject all hold that a municipality or other public agency in the construction or improvement of streets is not responsible in damages for *temporary* interference with the use of abutting property." (Italics supplied.)

The doctrine of liability for obstructions incident to improvement or repair of highways is thus stated in 13 R.C.L. § 188, at p. 223: "A municipality has a right to close or obstruct a street temporarily for the purpose of repairing it, or making a public improvement therein, and may delegate its authority in this respect to one who has contracted with it to make the improvements or repairs. The use of the streets for such purposes becomes paramount to its use for travel under such circumstances, and the obstruction or closing it does not constitute a nuisance so long as reasonable care and diligence are exercised in prosecuting the work; *nor* is it a damaging of abutting property for which the constitution requires compensation to be made, although access thereto is *temporarily* interfered with." (Italics supplied.)

In American Jurisprudence, Vol. 18, § 142, p. 769, the general doctrine as to damages for temporary injury to private property by municipal corporations having power of eminent domain is there stated: "Obviously, the determination of the question as to whether a temporary interference with property rights constitutes a taking or damaging within constitutional and statutory guaranties is dependent on the facts of the particular case and the jurisdiction in which the question is presented. In general the law permits recovery only for property permanently depreciated, taken, or injured by the making of public improvements. The mere fact that the improvement renders for a time the use of property more inconvenient is not a 'taking,' there being no physical invasion of the real estate of a private owner. And it is ordinarily held that a municipality is not liable for damages consequent on the performance of its duty to keep its streets in repair, pave or repave them, and to build, repair and rebuild bridges, etc."

In the annotation to the case of Barrett v. Union Bridge Co., 117 Or. 220, 243 P. 93 reported in 45 A.L.R. at p. 521, the annotator observes on page 543: "It seems that where access of an abutting owner is only *temporarily* interfered with during the progress of the improvement in the street or highway by the municipality, there can be no recovery for such inconvenience." (Italics supplied.)

In the case of Osgood v. Chicago, 154 Ill. 194, 41 N.E. 40, 42, it was held that a claim for loss of rent, by reason of obstruction of access to and egress from a building, during the progress of the construction by the city of a bridge and viaduct, and the approaches thereto, could not be sustained, as such loss was not damage to property not taken, within the meaning of the Illinois Constitution but merely a burden incidentally imposed upon private property adjacent to a public work, and without which such improvements could seldom be made. The Supreme Court of Illinois in that case made the following observation: "To construe the constitution as giving compensation for all *temporary obstructions* necessary when streets are being repaired, etc., even though thereby access to abutting property is for a time cut off, would be unreasonable." We may here remark, however, that the facts of this case do not require us to go

the length of the holding of the Illinois Court in the above case.

In 44 Corpus Juris, § 2682, p. 441, the author of the text observes: "Under statutes providing for compensation for injuries occasioned by the making of improvements, it has, in some cases, been held that there may be a recovery for loss in rental value while the improvement is being constructed. But as a rule damages may not be recovered for injury to business or for *temporary* loss of the use of property during the construction of a public improvement, if the work is prosecuted with reasonable diligence."

In the case of Northern Transportation Company v. City of Chicago, 99 U.S. 635, 643, 25 L.Ed. 336, it appeared that a coffer-dam had been erected in connection with the construction of a tunnel, and an abutting property owner sued to recover damages because of this temporary obstruction. The Constitution of Illinois provided that private property shall not be "taken or damaged" for public use without just compensation. Smith-Hurd Stats. Ill.Const. art. 2, § 13. The Supreme Court of the United States, in deciding this case, observed: "In this case the coffer-dam was only a *temporary* obstruction. It was no physical encroachment upon the plaintiffs' property, and it was maintained only so long as it was needed for the public improvement. The tunnel could not have been constructed without it. We cannot doubt that it was lawfully placed where it was, and having thus been, that the city is not responsible in damages for having erected and maintained it while discharging the duty imposed by the legislature, the obstruction not having been *permanent* or *unreasonably* prolonged." (Italics supplied.)

We are of the opinion, and so hold that the City of Mobile in laying, or causing to be laid, along and under Government Street the sewer in question was acting within its powers and right; that the contractor defendant in carrying out its contract with said city in constructing said sewer was acting within its legal rights; that nothing appearing in the complaint to the contrary, the blockade erected in front of plaintiffs' property was a temporary structure, and erected to conserve the public safety; and that any *temporary incon-venience* to the plaintiff, or any loss of business, occasioned by said blockade was damnum absque injuria. The complaint, construing it most strongly against the pleader, as we must do on demurrer, fails to aver that said blockade was unnecessary, or that it was negligently constructed, or that it was maintained for an unreasonable length of time; or that the work, in constructing the named improvement, was not prosecuted with reasonable diligence. In fact appellants' counsel in brief argue the case here on the assumption that the City of Mobile "constructed the sewer in a proper manner and without delay." We, therefore, hold that the trial court committed no error in sustaining the demurrers interposed to the complaint by both defendants.

We held the property owners, plaintiffs, were entitled to recover damages in the following cases, City of Birmingham v. Evans, 221 Ala. 381, 129 So. 50; Dallas County v. Dillard, 156 Ala. 354, 47 So. 135, 18 L.R.A.,N.S., 884; Town of New Decatur v. Scharfenberg, 147 Ala. 367, 41 So. 1025, 119 Am.St.Rep. 81; Harris v. Town of Tarrant City, 221 Ala. 558, 130 So. 83; City Council of Montgomery v. Maddox, 89 Ala. 181, 7 So. 433; Town of Avondale v. McFarland, 101 Ala. 381, 13 So. 504; McEachin v. City of Tuscaloosa, 164 Ala. 263, 51 So. 153. In those cases, however, the injuries were of a permanent nature. In the instant case, the complaint, properly construed, shows but a *temporary* inconvenience to plaintiff, resulting in the loss of some trade. The blockade complained of in this case was temporary, and was erected to conserve the safety of persons on the streets. This was but the discharge of a duty owing by the municipality and the contractor to the citizens of Mobile who might have occasion to be upon that street. The facts, therefore, in the instant case clearly distinguish it from the above mentioned cases.

We are at the conclusion that the demurrers of each of the defendants to the complaint were properly sustained by the court, and its judgment is due to be affirmed. So ordered.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.