MARY E. BUCK *vs.* INHABITANTS OF GREAT BARRINGTON.

Berkshire.    September 14, 1909. — October 20, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Damages*, For property taken or injured under statutory authority.    *Grade Crossing.*
*Municipal Corporations.*    *Way.*    *Practice, Civil,* Exceptions.

On exceptions by a town after a verdict in favor of the petitioner at the trial
of a petition, under R. L. c. 111, § 153, by the owner of land for damages
resulting from the discontinuance, in accordance with a decree of the Superior
Court, of a portion of a public way upon which he alleged his land abutted, the
following facts appeared from the bill of exceptions: The way for a part of its
course passed through the petitioner's land and he owned the fee to that portion
of it, subject to the public easement. It then turned at an obtuse angle and
crossed a railroad location. The portion of the way which was discontinued
was the portion which was within the railroad location and was bounded by the
line which separated the railroad location from the petitioner's land, and thus
divided the way, where it ran through the petitioner's land, longitudinally, the
remaining part of the way, that portion upon the petitioner's land, not being
discontinued. The boundaries described in the bill of exceptions and in a plan
annexed thereto showed that the petitioner's land did not merely touch the dis-
continued portion of the way, but that a considerable part of the petitioner's
premises not included in the way abutted directly upon the discontinued por-
tion of the way. It also appeared that the portion of the way which was dis-
continued was taken by the court's decree for railroad purposes. The judge
who presided at the trial refused to rule that the petitioner's land did not in any
part abut upon the discontinued portion of the way; and the respondent ex-
cepted. Attached to the brief of the respondent at the argument of the excep-
tions in this court, was a plan, not a part of the record, which purported to
show that the petitioner's land did not in any part abut upon the discontinued
portion of the way in any place. *Held,* that the exception should be overruled.

PETITION, filed in the Superior Court on June 29, 1907, under
R. L. c. 111, § 153, for damages resulting from the discontinu-
ance, in the course of the abolition of a grade crossing of a rail-
road with East Main Street in Great Barrington, of a portion of
that street upon which, it was alleged, the petitioner's premises
abutted.

The case was tried before *Aiken,* C. J.

A copy of the material portion of the plan, upon which the
decree as to the abolition of the crossing and discontinuance of
the portion of the street in question was based, is printed below:

The bill of exceptions states that it appeared at the trial "that the railroad runs in a northerly and southerly direction past the petitioner's premises, which premises are situated on the easterly side of the railroad track and location. The petitioner's premises extend along the east side of the railroad location about twenty rods, and are bounded westerly on the railroad location. . . . The highway runs in the same direction as the railroad and lies between the petitioner's buildings and the railroad.

"The location of the highway is on the westerly part of the petitioner's premises, the westerly line of the highway location, so far as the highway location is outside of the railway location, being the easterly line of the railroad location. The highway location terminates at the southerly end at a point, or angle, formed by the east line of the railroad and the east line of the highway. Within about eight rods southerly of the petitioner's hotel, and while still on the petitioner's premises, the highway (before the abolition of the grade crossing) turned and crossed the location and track of the railroad at grade.

"The decree of the Superior Court abolished this grade cross-

ing and discontinued the highway between the easterly and westerly lines of the railroad location."

This discontinued portion of the highway is indicated on the map as "parcel A," which is shaded. The language of the report of the commissioners, which the decree of the Superior Court confirmed, was as follows, on one page of their report: "That part of East Main Street at the southerly crossing included between the easterly and westerly side lines of location of the Berkshire Railroad Company shall be discontinued"; and as follows at another page of the report: "The Commissioners find that it is necessary to take land for railroad purposes, as follows: 'parcel A,' That part of East Main Street between the easterly and westerly side lines of location of the Berkshire Railroad Company herein discontinued." It was agreed that the same piece of land was referred to in both of the above paragraphs. The remaining portion of the highway on the petitioner's premises and passing her buildings was left unchanged.

At the close of the evidence the respondent's counsel asked the Chief Justice to rule as follows:

"1. Upon the whole evidence the petitioner cannot recover.

"2. The petitioner can recover no damages for the discontinuance of the street within the location of the Railroad Company even though her actual damage from such discontinuance is very great.

"3. It is immaterial to the petitioner's right to recover that a small portion of land of which she owns the fee, subject to the public right of way, touches the discontinued part of the street, or that a corner of the petitioner's land outside of the highway location touches the discontinued portion of the way. The test is, — has the access to the system of public streets been substantially impaired.

"4. The land taken having been taken for railroad purposes, the suit should have been against the railroad and not against the town, and petitioner cannot recover in an action against the town."

The rulings were refused, there was a verdict for the petitioner; and the respondent alleged exceptions.

*H. C. Joyner,* (*H. M. Whiting* with him,) for the respondent.
*A. C. Collins,* for the petitioner.

SHELDON, J.   The respondent's contention is that the petitioner's premises did not in any legal sense abut upon the discontinued portion of the highway, and therefore, as no land of hers was taken, she is not entitled to recover any damages under the provisions of R. L. c. 111, § 153, now St. 1906, c. 463, Part I, § 37, that "all damages which may be sustained by any person in his property by the taking of land for or by the alterations of the grade of a public way, or by an abutter thereon by the discontinuance of such public way, to the same extent as damages are recoverable by abutters on ways discontinued by towns, shall primarily be paid by the city or town.", The petitioner subject to the public easement owned the land under the street; the respondent asserts that no other part of her land abutted upon the discontinued portion of the street, and contends that for this reason she could not be regarded as an abutter thereon. *Nichols* v. *Richmond,* 162 Mass. 170.   But the discontinued portion of the road was indicated on the map or plan which was filed with the commissioners' report as "parcel A"; and an inspection of that plan, as shown by the copies annexed to the bill of exceptions, shows that a considerable part of the petitioner's premises, outside of what was included in the public street, did abut directly upon the discontinued portion of the street.   The facts that the whole of the street was within the boundary lines of the location of the railroad, and that the discontinued portion of the street was taken for railroad purposes by a subsequent clause of the commissioners' report, are not material.   Under these circumstances the plaintiff, being an abutter on the discontinued way, is entitled to maintain her petition; *Webster* v. *Lowell,* 142 Mass. 324; and as the damages which she seeks to recover are merely for the discontinuance and its consequences, the statute already quoted gives her a remedy against the town.

The parties disagree wholly upon the question whether any part of the petitioner's premises outside of the public street did abut directly upon the discontinued portion of that street. The plan annexed to the respondent's brief would seem to bear out its contention; but we are bound by the recitals of the bill of exceptions and the copies annexed thereto of the plan put in evidence at the trial.

It follows that the requests for rulings made by the respondent were properly refused. None of them was applicable to the facts of the case.

*Exceptions overruled.*