MARY E. NICHOLS & others *vs.* COMMONWEALTH.

Essex. April 6, 1954. — July 20, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Way*, Public: limited access way, State highway. *Eminent Domain*, Damages. *Damages*, Eminent domain.

Under G. L. (Ter. Ed.) c. 81, § 7C, inserted by St. 1943, c. 397, an owner of a parcel of land abutting an existing public way whose access thereto is extinguished or impaired by a layout of a limited access State highway over the location of the public way and over a part of his parcel taken for the new highway is entitled to recover under c. 79, § 12, damages caused by the effect of the extinguishment or impairment of access on the value of the remaining part of his parcel not taken. [585]

At the trial of a petition for assessment of damages by an owner of land abutting an existing public way whose unlimited access thereto was extinguished by a layout of a limited access State highway under G. L. (Ter. Ed.) c. 81, § 7C, inserted by St. 1943, c. 397, over the location of the public way and over an adjacent strip of his land taken for the new highway, it was reversible error for the judge to exclude evidence as to the distance involved in indirect access which the petitioner had to the new highway from his house, over another public way bounding his remaining land and to charge in substance that, with access to the other public way from his premises, the petitioner would not be entitled to damages by reason of want of access to the new highway, despite any inconvenience or difficulty in using the other public way. [585]

PETITION, filed in the Superior Court on August 17, 1951.

The case was tried before *Rome, J.*

*Clement J. Redmond,* (*Stephen P. Weston & Kendall E. Hobbs* with him,) for the petitioners.

*David L. Winer,* Assistant Attorney General, for the Commonwealth.

COUNIHAN, J.   This is a petition for damages under G. L. (Ter. Ed.) c. 79,[1] resulting from the taking of land in Danvers for the construction of a limited access State highway by establishing a new location of an existing highway known as the Newburyport Turnpike.   The taking was made by the department of public works of the Commonwealth under the provisions of G. L. (Ter. Ed.) c. 81, § 7C, inserted by St. 1943, c. 397, as later amended in certain respects not here material.

Before the taking the petitioners were the owners of a parcel of land which comprised approximately 6 acres with a frontage of approximately 410 feet on the turnpike to which the petitioners had unlimited direct access.   The land taken comprised about .37 of an acre on the front of this parcel bordering on the turnpike.   Before the taking the entire parcel was used for residential purposes but it was zoned so that use for commercial purposes was permitted for a depth of 200 feet from the turnpike.

There was evidence that the petitioners had indirect access to the new highway by way of Preston Street, which bounded that part of the land which remained after the taking, but such indirect access was by a difficult route.

The case comes here upon exceptions of the petitioners to the exclusion of evidence and to parts of the judge's charge.   The evidential exception arose as follows: "Q. Have you ever made a note of the distance it takes you to get out from your house on to the turnpike by the route that you have described via Preston Street?   A. Yes. Q. How far is that?   ASSISTANT ATTORNEY GENERAL:   I object.   THE JUDGE:   Mr. Foreman and gentlemen of the jury, what's involved here is this: The question is whether or not there is access.   The legal question involved is

---

[1] See now St. 1953, c. 634, §]1.

whether or not there is access to the premises. It doesn't matter legally whether it is convenient or inconvenient. If there is access to and from the premises that is all that the law requires. Now, I think from the view and from the questions you have asked it is obvious that there is access. Therefore, I think the question must be excluded." The other exceptions were to the following parts of the judge's charge: "Now, there has been considerable attention given in this case to the matter of access to and from the premises remaining to the petitioners after the taking by the Commonwealth. Our law seems clear on this subject . . . and I believe it should present no particular problem to you. Our law is clear that if premises abut on a highway and the authorities 'discontinue' that highway so that all access to and from that highway is lost to those premises, nevertheless if the premises may still be reached from another or other public way or ways or to put it in reverse if there is still egress from these premises to such other public way or ways then no legal damage has been caused to the owner of those premises despite any inconvenience or difficulty that may be involved in traveling to and from the other way or ways. . . . I have already set forth for you the law relating to the matter of this accessibility. If you find that the petitioners have access to and from the rear premises, from and to Preston Street or some other public way, then the petitioners would not be entitled in law to compensation by reason of lack of access to the pike and any opinion of the experts or owners based upon such reason or lack of access would be improper and of no value to the jury to the extent that it is based upon this particular reasoning. You must take cognizance of the law in this regard and to the extent that an opinion is based upon the nonaccess aspect, if you find there is access from another public way, then you should disregard or discount the opinion." We believe that the exceptions must be sustained.

General Laws (Ter. Ed.) c. 81, § 7C, reads in part as follows: "A limited access way is hereby defined to be a highway over which the easement of access in favor of

abutting land exists only at such points and in such manner as is designated in the order of laying out. . . . If a limited access way is laid out in whole or in part in the location of an existing public way, the owners of land abutting upon such existing public way shall be entitled to recover damages under chapter seventy-nine for the taking of or injury to their easements of access to such public way."

General Laws (Ter. Ed.) c. 79, § 12, reads in part as follows: "The damages for property taken under this chapter shall be fixed at the value thereof before the taking, and in case only part of a parcel of land is taken there shall be included damages for all injury to the part not taken caused by the taking or by the public improvement for which the taking is made . . . . In determining the damages to a parcel of land injured when no part of it has been taken, regard shall be had only to such injury as is special and peculiar to such parcel . . . ."

We think it well at the outset of our discussion to point out that c. 79, § 12, provides that damages for property taken under c. 79 or under c. 81, § 7C, or resulting from the public improvement for which the taking is made, shall be fixed in the following instances: (1) when an owner's entire parcel is taken; (2) when there is only a partial taking; and (3) when no part of an owner's land is taken. In the first instance the measure of damages is the fair market value of the land before the taking. In the second instance there is added to the fair market value of the land actually taken, any damage accruing to the remainder of the land not taken caused by the taking or because of the public improvement for which the taking was made. In the third instance only such damage as is "special and peculiar" to an owner's land is to be awarded. The case at bar comes within the second instance.

This is the first occasion that c. 81, § 7C, has been before us for construction. Its language is plain and unequivocal. It clearly provides that if a limited access highway is laid out in the location of an existing public way, the owner of land abutting upon such existing way shall be entitled to

recover damages for the taking of or injury to his access to such public way or to such new highway. By these provisions the Legislature plainly established that any impairment or deprivation of access which an owner formerly had to a public way may so affect the value of the remainder of the land not taken as to be compensable in damages to be recovered under c. 79, § 12.

In *United States Gypsum Co.* v. *Mystic River Bridge Authority*, 329 Mass. 130, at page 137, it was said, "The Legislature, however, is not limited in providing compensation to damages which the landowner is entitled to receive as a matter of constitutional right but may extend compensation to instances where an exercise of eminent domain would result in a real hardship to one whose property has been damaged or injured if he were deprived of compensation." Manifestly this is what the Legislature intended to do and did do by the enactment of c. 81, § 7C. See *Buck* v. *Great Barrington*, 203 Mass. 372, 375.

It follows therefore that the judge was in error in excluding the evidence offered by the petitioners for it bore upon the impairment of and injury to their former access to the public way. The judge was likewise in error in those parts of his charge to which exceptions were taken for he ignored the effect of c. 81, § 7C, as we now construe it.

*Exceptions sustained.*