Nick, Appellant, v. State Highway Commission, Respondent.*

*April 5—May 2, 1961.*

* Motion for rehearing denied, without costs, on October 3, 1961.

For the appellant there was a brief and oral argument by *Elliot N. Walstead* of Milwaukee.

For the respondent the cause was argued by *A. J. Feifarek,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

Brown, J.   On and before August 20, 1951, one Reinders owned a tract of farmland in Waukesha county. It is 1,320 feet square and is bounded on the west by a highway called Calhoun road, and on the south by State Highway 30, generally called the Blue Mound road. There have never been driveways leading from this parcel into Highway 30 and there is no evidence that persons came, by vehicle or otherwise, directly from the Reinders' tract onto Highway 30.

On August 20, 1951, the State Highway Commission, pursuant to authority granted it by sec. 84.25, Stats., de-

clared Highway 30 to be a controlled-access highway. This forbade direct access from Reinders' land to Highway 30. Instead, thereafter, traffic between Reinders' property and Highway 30 must go via Calhoun road and its intersection with Highway 30.

On December 30, 1955, Reinders sold part of his land to petitioner and her husband, now deceased, being a parcel of 330 feet frontage on Highway 30 and 250 feet in depth. This parcel is distant 990 feet east of Calhoun road. Reinders retained the intervening land. On April 15, 1960, petitioner applied to the commission for a driveway permit from her property to Highway 30, which permission was denied on April 19, 1960. She then filed with the circuit court for Waukesha county this petition for inverse condemnation against the commission and prayed the court to assign this matter to the county condemnation commissioners to appraise and determine the value and interest in land alleged to be taken and the damages sustained by the petitioner by reason of the action taken by the State Highway Commission.

The parties agreed to have the circuit court determine the issues upon briefs and upon the facts shown by the record. Upon receipt and consideration of the briefs the court concluded:

"6. It is the opinion of the court that, if the petition is granted, the entire purpose of the controlled-access law would be circumvented and become a nullity.

"7. The petition of the petitioner, Marie B. Nick, is denied."

The petitioner then appealed.

By sec. 84.25 (1), Stats., the legislature empowered the State Highway Commission to designate heavily traveled public highways as controlled-access highways in the interest of public safety, convenience, and the general welfare. Subject to judicial review, when the commission so acts in

such interest its action is an employment of the police power of the state. Nevertheless, appellant contends this exercise entitles her to compensation.

An impairment of the use of property by the exercise of police power, where the property itself is not taken by the state, does not entitle the owner of such property to a right to compensation. The law on this subject remains as we stated it in *State ex rel. Carter v. Harper* (1923), 182 Wis. 148, 153, 196 N. W. 451,—a zoning case,

". . . incidental damage to property resulting from governmental activities, or laws passed in the promotion of the public welfare, is not considered a taking of the property for which compensation must be made."

The situation here bears a close analogy to the enactment and the effect of a zoning statute.

In *Carazalla v. State* (1955), 269 Wis. 593, 608b, 70 N. W. (2d) 208, 71 N. W. (2d) 276,—a controlled-access highway case—we approved the conclusion of text writers that if no land is taken for the converted highway but the abutting landowner's access to the highway is merely made more circuitous, no compensation should be paid, and our decision embodied that principle. As recently as March 3, 1961, the *Carazalla Case* has been cited to that point in the controlled-access case of *Darnall v. State* (S. D.), 108 N. W. (2d) 201, 206. The South Dakota supreme court there said:

"While they may adversely affect an established business, relocations of a highway, prohibitions against crossing it or against left and U turns, the designation of one-way streets and other similar restrictions and regulations have been upheld as proper exercises of the police power of the state and not of the power of eminent domain. As such they are not compensable."

Neither in 1951 nor thereafter, in establishing Highway 30 as a controlled-access highway, did the state, through its highway commission, take any portion of Reinders' land.

No doubt the control of his access to Highway 30 impaired the value of his land, the impairment increasing as any part of the land lay distant from Calhoun road, but at the time of the commission's declaration Reinders still had access in every part of his land to Highway 30 via use of Calhoun road. His access to the highway is made more circuitous but no part of Reinders' land was taken. The diminution in its value due to the exercise by the state of its police power in making Highway 30 a controlled-access highway is not recoverable. *Carazalla v. State, supra.*

The situation regarding the question of damages was frozen when the commission declared Highway 30 a controlled-access highway. To the extent that Reinders' access to Highway 30 from any part of his land is controlled, his grantee takes subject to the existing control, exactly as a purchaser of real estate which has already been zoned for restricted use is limited by the zoning. Before the conveyance Reinders had no right to be compensated for the diminished value of his land. It must be apparent that no right of compensation was created by fractional changes of ownership when no such right pertained to ownership of the whole.

The parties submitted the issues to the trial court upon briefs and on a stipulation that the controlling facts were in the record. This stipulation does not touch the amount of damages, if petitioner is entitled to any damages, nor does it touch the suitability of access to Highway 30 by way of Calhoun road, nor whether the police power was properly exercised in declaring Highway 30 to be a controlled-access one. The time to review the commission's procedure and determination long since expired and those questions were not before the trial court nor before this court. The only question properly before the court is the question of whether Reinders' grantee, the petitioner, has a right to compensation for the restriction of direct access from her property to Highway 30. We hold that the loss in value of the land, whatever it may be, is not recoverable.

Therefore, we conclude that the trial court was correct in dismissing the petition to proceed with a determination of the amount of damages caused by the designation of Highway 30 as a controlled-access highway.

*By the Court.*—Order affirmed.

CURRIE, J. (*concurring*). I concur fully in the able opinion of the court by Mr. Justice BROWN. The sole reason for attempting to write anything further on the matter is because of the conflict which exists in other jurisdictions on the question of whether a state, or instrumentality thereof, may constitutionally exercise the police power to extinguish all direct-access rights of an abutting landowner to an existing highway in a situation where he can reach such highway from his land by a more-circuitous route, such as by use of a frontage road or connecting highway.

Cases holding that the police power cannot be so exercised are *State ex rel. Morrison v. Thelberg* (1960), 87 Ariz. 318, 350 Pac. (2d) 988; *People v. Ricciardi* (1943), 23 Cal. (2d) 390, 144 Pac. (2d) 799; [1] *Florida State Turnpike Authority v. Anhoco Corp.* (Fla. 1959), 116 So. (2d) 8; *In re Easement for Highway Purposes* (1952), 93 Ohio App. 179, 112 N. E. (2d) 411, appeal dismissed, 158 Ohio St. 285, 109 N. E. (2d) 3. See also Anno. 43 A. L. R. (2d) 1072, 1077. As far as decided cases go, the foregoing cited cases seem to express the weight of authority.

Cases which are in accord with our determination in the instant case are *Gilmore v. State* (1955), 208 Misc. 427, 143 N. Y. Supp. (2d) 873, 883; *Stock v. Cox* (1939), 125 Conn. 405, 6 Atl. (2d) 346 (by dictum); and *Nichols v.*

[1] This holding in *People v. Ricciardi, supra,* has been criticized in Freeways and the Rights of Abutting Owners, 3 Stanford Law Review (1951), 298, 306, and Clarke, The Limited-Access Highway, 27 Washington Law Review (1952), 111, 125.

*Commonwealth* (1954), 331 Mass. 581, 121 N. E. (2d) 56 (by way of implication).

In *Stock v. Cox, supra,* the state was required to pay compensation for the temporary taking of all access rights, but the Connecticut court went on to say that a permanent provision for alternate access would negate the requirement of compensation.

The court in *Nichols v. Commonwealth, supra,* construed the Massachusetts statute as requiring compensation to be paid for interfering with access rights under the state's limited-access highway statute in a situation where the property had other access by means of another abutting highway. The court held that the legislature is not limited in providing compensation damages, which the landlord owner is entitled to receive as a matter of constitutional right, but may extend compensation to instances where the exercise of eminent domain would result in a real hardship if he were deprived of compensation. Thus, by implication the court held that in requiring compensation under the facts of that particular case it had gone beyond constitutional requirements.

The question, of whether access rights constitute property, so that a failure to pay for a substantial interference therewith as a result of the exercise of the police power would constitute a taking of property without due process of law, was before the United States supreme court in *Martin v. Creasy* (1959), 360 U. S. 219, 79 Sup. Ct. 1034, 3 L. Ed. (2d) 1186. However, over the objection of Mr. Justice DOUGLAS that court decided the case on other grounds.

Courts which hold that compensation must be paid to the abutting landowner in all cases where all direct-access rights to an existing highway are barred by statute, even though indirect access exists by means of service roads or connecting highways, consider that access rights constitute property distinct and apart from the land to which they appertain. The

writer of this opinion believes this to be erroneous and that highway-access rights are but one of a bundle of rights which appertain to a parcel of real estate.[2]

Zoning legislation enacted in the interest of the general welfare may have the effect of extinguishing one or more of the rights embraced in the entire bundle without the necessity of the state or municipality paying compensation to the landowner. In case of zoning enactments the test employed is whether, viewing the property as a whole, there has in reality been a taking without compensation in that confiscation of the property has in effect occurred by depriving the owner of all beneficial use of his property. 101 C. J. S., Zoning, p. 748, sec. 37; *Nardi v. Providence* (R. I. 1959), 153 Atl. (2d) 136. Likewise, where all direct-access rights to a highway from a particular parcel have been barred by legislation enacted under the police power, the effect on the parcel as a whole should be considered in determining whether there has been a taking which requires the payment of compensation. If by reason of providing a frontage road, or the existence of a previously existing connecting highway, there is reasonable access to the controlled-access highway, no taking requiring compensation should be held to have occurred.[3]

I am authorized to state that Mr. Justice DIETERICH concurs herein.

---

[2] For an exposition of this view, see Limited-Access Highways: Public Interest v. Access Rights of Abutting Owners, 1959 Washington University Law Quarterly, 310, 315, 316.

[3] Frank M. Covey, Jr., in his article "Rights of Access and the Illinois Highway Program," 47 Illinois Bar Journal (1959), 634, 645, 646, presents a convincing argument why no compensation should be paid in a situation where a frontage road has been provided which affords indirect access to the controlled-access highway. See also Robert R. Bowie, Limiting Highway Access, 4 Maryland Law Review (1940), 219, at pages 243 *et seq.*

The following opinion was filed October 6, 1961:

PER CURIAM (*on motion for rehearing*). On reaching petitioner's motion for rehearing this court requested the parties to submit briefs on the following questions:

"1. If the said denial of access was arbitrary or capricious, would petitioner be entitled to seek an award of damages in the instant proceeding?

"2. In what type of proceeding, other than the instant proceeding, could petitioner have sought judicial review of said denial?"

Both parties submitted briefs. Both conceded that if the denial of access was arbitrary and capricious the decision of the administrative agency would be void, her rights would not be affected by the denial, and petitioner would not be entitled to any damages.

Sec. 227.15, Stats., and the sections immediately following provide for judicial review of administrative decisions. Respondent submits that such review is available to this appellant and the remedy so provided is the exclusive remedy. Appellant acknowledges that she may have this remedy but it will not produce any money in compensation for the property rights which she alleges have been seized; wherefore she submits that she may substitute another remedy better adapted to her desire.

We hold that the relief of judicial review of the administrative decision provided by statute is the exclusive remedy, with right of appeal from the reviewing court to the supreme court, per sec. 227.21, Stats. Appellant did not exhaust her remedy of judicial review. The circuit court correctly dismissed appellant's proceeding for other relief.

Motion for rehearing denied without costs.