STATE of Wisconsin EX REL. Ronald J. FREDERICK,
Plaintiff-Appellant,†

v.

Zimeri A. Cox, Defendant-Respondent.

Court of Appeals

*No. 82–525. Submitted on briefs October 4, 1982.—*
*Decided December 27, 1982.*
(Also reported in 330 N.W.2d 603.)

For the plaintiff-appellant the cause was submitted on the brief of *William P. Nickolai,* assistant corporation counsel of Kenosha.

For the defendant-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *John William Calhoun,* assistant attorney general. Of counsel, *Edward S. Alschuler,* legal counsel for *State Board of Vocational, Technical and Adult Education.*

Before Voss, P.J., Brown and Scott, JJ.

† Petition to review dismissed.

SCOTT, J.  Ronald J. Frederick appeals from an order dismissing his action in *quo warranto* brought pursuant to sec. 784.04(2), Stats., challenging the right of Zimeri A. Cox to serve as a member of the Gateway Vocational Technical and Adult Education District Board. Cox was appointed to the challenged position by a decision of the State Board of Vocational, Technical and Adult Education.  Because we conclude that the trial court was correct in holding that the exclusive remedy to challenge the state board's decision to appoint Cox is by an administrative appeal under ch. 227, Stats., we affirm.

On September 25, 1981, the Gateway Appointment Committee[1] filled two vacancies on the Gateway Board by naming James Scheibel and Ann Nelson as members. Pursuant to sec. 38.10(2)(e), Stats., the chairman of the Gateway Appointment Committee sent written notice of the appointments and the length of terms to the state board.

On September 30, 1981, the state board concurred in the appointment of Scheibel but decided to appoint Cox in lieu of Nelson.  On October 22, 1981, Cox was administered the oath of office to the Gateway Board and has since that date acted in the capacity as a board member.

On October 28, 1981, Frederick petitioned for and obtained a writ of *quo warranto* from the circuit court ordering Cox to appear on November 3, 1981 and defend his claim to the office of board member of the Gateway District.  The Attorney General appeared on behalf of Cox

---

[1] Section 38.10(1)(b), Stats., establishes the Appointment Committee above referred to.  It reads as follows:

(b) If the petition for creation of a district was filed by the governing bodies of counties or any combination of school districts, counties and municipalities, the county board chairmen of counties having territory within the district shall constitute the appointment committee.

and moved the court to dismiss the action on the ground that the court lacked subject matter jurisdiction and on the ground that the complaint did not state a cause of action. The trial court ultimately granted Cox's motion to dismiss on both grounds, and Frederick appeals from the order dismissing the action.

The trial court's decision to dismiss Cox's action in *quo warranto* is based upon the court's conclusion that the exclusive remedy available to Frederick to challenge the decision of the state board to appoint Cox is prescribed by sec. 227.15, Stats. Underlying this conclusion is the trial court's holding that the appointment of Cox by the state board is no different from any other decision of a state agency and that the dispute as to Cox's right to hold office can only be resolved by determining the legality of the appointment made by the state board. The issue before us on appeal is whether Frederick has chosen the correct remedy. We are not faced with a challenge to the legality of the state board's appointment of Cox, nor must we decide the related question of Cox's title to office as a member of the Gateway District Board.

Section 227.15, Stats. (1979–80), provides, in part, "Administrative decisions which adversely affect the substantial interests of any person, whether by action or inaction, whether affirmative or negative in form, . . . shall be subject to judicial review as provided in this chapter." It is undisputed that the state board is a state agency whose actions are reviewable under sec. 227.15. It is also undisputed that Frederick has a substantial interest in the action taken by the state board in appointing Cox.[2] Frederick contends, however, that Cox "had to actually usurp the office before the issue was ripe for review."

[2] Frederick was chairman of the Kenosha Board and as such was a member of the Appointment Committee under sec. 38.10(1)(b), Stats.

Section 227.20, Stats., establishes a circuit court's scope of review of administrative agencies. It reads, in part:

(5) The court shall set aside or modify the agency action if it finds that the agency has erroneously interpreted a provision of law and a correct interpretation compels a particular action, or it shall remand the case to the agency for further action under a correct interpretation of the provision of law.

. . . .

(9) The court's decision shall provide whatever relief is appropriate irrespective of the original form of the petition. If the court sets aside agency action or remands the case to the agency for further proceedings, it may make such interlocutory order as it finds necessary to preserve the interests of any party and the public pending further proceedings or agency action.

Section 227.20, Stats., provides for the immediate review of the state board's action. There are no provisions of ch. 227, Stats., which would require Frederick to await some action on the part of Cox "before the issue was ripe for review." We are satisfied that ch. 227 provides an adequate, speedy remedy for review of the state department's action. The remaining issue then is whether the review under ch. 227 is Frederick's exclusive remedy precluding his seeking relief by a writ of *quo warranto*.

Cox contends his position that ch. 227 is Frederick's exclusive remedy is supported by the case of *State ex rel. First National Bank of Wisconsin Rapids v. M & I Peoples Bank of Coloma*, 82 Wis. 2d 529, 263 N.W.2d 196 (1978). We are not satisfied that the holding of *First National Bank* is broad enough to be applicable to the facts in this case. In *First National Bank*, the supreme court was faced with a situation where the legislature had specifically provided "[a]ny final order or determi-

nation of the banking review board shall be subject to review in the manner provided in ch. 227." Sec. 220.035 (3), Stats.

Arguably, the holding of *First National Bank* could be limited to those fact situations in which the legislature has specifically prescribed ch. 227, Stats., as the means of review of a particular agency, and since there is no legislative reference to ch. 227 in ch. 38, Stats., the holding of *First National Bank* would not apply to the case at hand. We note, however, that in footnote 6 of *First National Bank,* the court specifically cites with approval the case of *Nick v. State Highway Commission,* 13 Wis. 2d 511, 109 N.W.2d 71, *reh'g denied,* 13 Wis. 2d 518a, 111 N.W.2d 95 (1961), which we view as controlling. 82 Wis. 2d at 538, 263 N.W.2d at 200.

In *Nick,* the court was faced with a fact situation where there was no specific legislative reference to ch. 227, Stats., as a means of review. Even absent such a reference, the supreme court held:

Sec. 227.15, Stats, and the sections immediately following provide for judicial review of administrative decisions. Respondent submits that such review is available to this appellant and the remedy so provided is the exclusive remedy. Appellant acknowledges that she may have this remedy but it will not produce any money in compensation for the property rights which she alleges have been seized; wherefore she submits that she may substitute another remedy better adapted to her desire.

We hold that the relief of judicial review of the administrative decision provided by statute is the exclusive remedy, with right of appeal from the reviewing court to the supreme court, per sec. 227.21, Stats. Appellant did not exhaust her remedy of judicial review. The circuit court correctly dismissed appellant's proceeding for other relief.

*Nick,* 13 Wis. 2d at 518a, 111 N.W.2d at 96.

We conclude that Frederick's exclusive remedy is by administrative review under ch. 227, Stats.[3] Our holding is supported by policy considerations discussed in *First National Bank:*

Thus the rule that the statutory method of review is exclusive is a rule of policy, convenience and discretion. It is improper to couch the rule in terms of the power or jurisdiction of the court. The rule is based on the strong public interest in creating effective administrative agencies, in insuring finality of agency determinations and certainty in legal relations; in establishing orderly judicial processes; in preventing a multiplicity of suits; and in achieving economy of judicial time. Balanced against these considerations is a party's right to obtain a judicial forum and a just, equitable decision on the merits. The court must apply the rule with an understanding that the legislature has created chapter 227 to afford a unified scheme of judicial review. [Footnote omitted.]

*First National Bank,* 82 Wis. 2d at 542–43, 263 N.W.2d at 202.

In conclusion, we hold that a challenge to Cox's title to office is really a challenge to the validity of the state board's action in appointing him in the first place and that that state board's action can only be challenged by administrative review under ch. 227, Stats.

*By the Court.*—Order affirmed.

---

[3] We note that sec. 227.15, Stats., is couched in mandatory terms and that the only decisions of the state board which are specifically exempted from its provisions are those taken by the state board "acting under s. 38.29."