SHEELEY, Appellant, vs. CHIPPEWA COUNTY, Respondent.

*December 4, 1934—January 8, 1935.*

42

For the appellant there was a brief by *W. H. Stafford* and *Harold E. Stafford,* both of Chippewa Falls, and oral argument by *Harold E. Stafford.*

For the respondent there was a brief by *Robert L. Wiley,* district attorney of Chippewa county, and *P. J. Murphy* of Chippewa Falls of counsel, and oral argument by *Mr. Wiley* and *Mr. Murphy.*

NELSON, J. In 1932, Howard Sheeley, hereafter called the plaintiff, operated a combination store and gasoline filling station located upon "A" street in the city of Chippewa Falls in Chippewa county. "A" street was a part of State Trunk Highway No. 29 as it then existed. The state highway commission, some time prior to the commencement of these proceedings, relocated State Highway No. 29 and also United States Highway No. 53, in the city of Chippewa Falls. Those projects included the construction of a new bridge over the Chippewa river, the making of a fill on the south side thereof, and the erection of a viaduct over old State Highway No. 29 ("A" street). The erection of the viaduct over State Highway No. 29 necessitated the temporary closing of that part of State Highway No. 29 upon which the plaintiff's store and filling station abutted. Barriers were erected by the contractor and signs posted thereon containing the words "Street Closed." The barriers effectively closed the road to travel from July 18, 1932, to October 26, 1932. No part of plaintiff's land was taken.

The court found the facts substantially as stated, and also found that, while the work of constructing the viaduct over "A" street was progressing, it was necessary to close said street in order that the work be properly and safely performed and the public, traveling on said highway, protected; that the purpose of the barriers was to secure the temporary use of a portion of "A" street by those who were engaged in the construction of the viaduct, to the exclusion of public travel; that the barriers constituted a lawful closing and obstruction of the full width of the street leading to the plaintiff's property which materially interfered with the usefulness of said street as a highway; that the plaintiff was deprived of the use of his property as a store and gas station during the time that the barriers were erected; and that the plaintiff was damaged as a result thereof in the sum of $475. The court, however, concluded that sec. 80.47 of the statutes (upon which the plaintiff relied), as construed by this court, did not entitle the plaintiff to recover the damages sustained by him as a result of the temporary closing of the street.

The question for determination is whether the plaintiff is entitled to recover damages that resulted from a temporary closing of the street made necessary by the construction of a public improvement.

The plaintiff contends that sec. 80.47 authorizes the recovery by him of the damages asserted to have been sustained. So much of that section as the plaintiff deems applicable is as follows:

"*Rights of abutting owners.* The owners of any real estate abutting on any highway, street or alley . . . shall have a common right in the free and unobstructed use of such highway, street or alley to the extent of its full width, and no . . . county . . . shall close up, use or obstruct any such highway, street or alley or any part thereof so as to materially interfere with its usefulness as a highway or so as to injure or damage property abutting thereon on either side, or authorize or permit the same to be done without due compensation being made for any damage resulting therefrom to

the owners of any property upon both sides of the part of such highway, street or alley so closed up, used or obstructed."

That section in substantially its present form was enacted by ch. 255, Laws of 1889.

While the language, "no . . . county . . . shall close up, use or obstruct any . . . street . . . or authorize or permit the same to be done without due compensation being made for any damage resulting therefrom to the owners of any property," considered alone and apart from its context, tends to support the contention of the plaintiff that a county may not, even temporarily, close up a street for repairs or other necessary public improvements without compensating an abutting owner, it is our opinion that sec. 80.47, considered in its entirety, was enacted for the purpose of preventing a town, city, or county from authorizing or permitting a railroad or other corporation to occupy a highway or street without compensating the abutting owners on *both* sides of the street or highway. In *Kuhl v. Chicago & N. W. R. Co.* 101 Wis. 42, 49, 77 N. W. 155, 158, this court, in construing ch. 255, Laws of 1889, in connection with and in the light of "the surrounding circumstances, the evils to be remedied and the objects to be obtained" by that law, said:

"The mischief and injustice of allowing a private corporation to lay down its tracks in the public streets and escape all liability for damages to the lands of abutting owners, except on one side, by merely locating the road so as not to overlap the center of the street, was made manifest in a great many cases, and the result was the act under consideration, to remedy the evil."

Prior to the enactment of that act, recovery from a railroad company was permitted only by an abutting owner upon whose side of the street the railroad was built. *Kuhl v. Chicago & N. W. R. Co., supra.* To change that rule and to permit abutting owners on *both sides* of a street to recover

damages was the obvious purpose of the enactment of ch. 255.

What the plaintiff really seeks in this proceeding is to recover damages for loss of profits or loss of business resulting from a temporary closing of that part of the street upon which his store and gas station abutted. There is no question that the construction of the viaduct was lawful and that the public safety required the temporary closing of "A" street while the viaduct was being constructed over it. It is conceded that no part of plaintiff's real estate was actually taken. In the absence of a statute permitting a recovery for consequential damages, such as loss of profits or business, such damages are not recoverable. *Stadler v. Milwaukee,* 34 Wis. 98; *Liermann v. Milwaukee,* 132 Wis. 628, 113 N. W. 65.

Had the legislature intended to provide that an abutting owner might recover such consequential damages as inevitably result from a temporary closing of a portion of a street, made necessary by its repair or construction or by the making of other public improvements, it would have been a simple matter so to do.

While the temporary closing of a highway for repairs or reconstruction, or for other lawful and authorized public improvements, must always result in loss of profits or business to one whose place of business abuts upon the portion of the highway so temporarily closed, no recovery may be had in the absence of a statute authorizing such recovery.

*By the Court.*—Judgment affirmed.