SELMA E. GRAHAM et al., Appellees, v. CITY OF SIOUX CITY, Appellant.

No. 42667.

FEBRUARY 12, 1935.

H. C. Harper and John D. Beardsley, for appellant.

Baron & Bolton, for appellees.

MITCHELL, J.—Appellees are the owners of Lot Six, Shearer's subdivision, Blocks Fifty-nine and Seventy-six (Sioux City East Addition), Sioux City, Iowa.

Thirteenth street extends east and west, and north of the described property. Appellees' house is situated within a short distance of the north lot line.

Perry creek is a stream which formerly made a horseshoe bend in Blocks Fifty-nine and Seventy-six, crossing Thirteenth street approximately three hundred feet west of appellees' property. The city of Sioux City changed the channel of said stream about December 15, 1931. The new channel is seven feet from the northeast corner of appellees' house and runs in a northwesterly direction across Thirteenth street. Before the change in the location of the stream bed, Thirteenth street was paved in front of appellees' property and was open to travel. Afterwards the city had a fence placed across Thirteenth street as a barricade to the new channel, the four-foot concrete sidewalk in front of the house was replaced with cinders, and appellees could not travel east on Thirteenth street. Since the change in the creek's location, appellees have to travel west, across the old abandoned channel of the creek, to get to the business district of the city. There is no other way except by the roundabout way up Cook street, then back east, to this property. No bridge was placed across the new channel.

An action was commenced against the city for damages to the property by the change in the course of Perry creek. Evidence was

offered to show the difference in the reasonable value of the property prior to the changing of Perry creek and the reasonable value of the property after the establishment of the new channel. It was submitted to a jury, and the jury returned a verdict in the amount of $800 in favor of the appellees, and from said verdict the city of Sioux City has appealed to this court.

There is but one error relied upon by appellant, and that is that the court erred in overruling the offer of the appellant to prove that the closing of Thirteenth street to travel in the vicinity of appellees' property was a part of the necessary repair to said street, which was temporary and was being carried on with reasonable dispatch by the city, and that the plans of said city are to repair and reopen said street by constructing a bridge across the opening.

The city concedes that this court has heretofore held that an obstruction to access to property is a "taking" for which the property owner is entitled to damages. Yet it contends that this rule should not be applied to those cases where access is but temporarily interfered with; that the temporary interference with access should not entitle an abutting owner to damages, for otherwise it would simply be impossible for the city to carry on any work of public improvement in the streets without making itself liable to all abutting owners.

The city in its brief, discussing what is a temporary obstruction, cites McQuillin, Municipal Corporations (2d Ed.), section 2116, in which is quoted a New York case (Cassel v. City of New York, 167 App. Div. 831, 153 N. Y. S. 410, 418) which, in the opinion of the author, outlines a reasonable rule, and wherein it is said that the "duty of a municipal corporation in exercising its legislative authority to make improvements requiring the obstruction of streets, to use reasonable care and diligence to the end that the street shall not be unnecessarily obstructed, and that necessary obstructions shall not be continued beyond the time reasonably required for making the improvement; * * * If the city be not liable for consequential damages from unreasonable delay in the prosecution of a public improvement in any circumstance, then it may completely obstruct a street and abandon work on the improvement indefinitely, and abutting shopkeepers would have no redress. I am of the opinion that the extent of the immunity of a municipal corporation from liability for obstructing streets in making public improvements is for the period reasonably necessary for the per-

formance of the work, with immunity also from liability for errors of judgment with respect to the period required for the perform. ance of the work and from liability for delays caused by contractors without its fault."

With the rule cited in McQuillin, Municipal Corporations, above referred to, we agree, but we do not believe it covers the case at bar. In the case at bar the city of Sioux City straightened this creek; it blocked the entrance to appellees' property by build. ing a fence across the street. This happened in 1931. At the time of the trial in the lower court, a period of two years had elapsed, and then the city desired to come in and offer evidence to show that the barricading of this street in front of appellees' home was but a temporary matter; that the city was planning to construct a bridge across Perry creek and to reopen Thirteenth street. And yet the city of Sioux City had no definite plans. It seems to us that a delay of two years cannot be said to be a temporary one; that the obstructing of a street for a period of two years cannot be said to be a temporary obstruction. Two years have elapsed in which the city of Sioux City had an opportunity to open this street by erecting a bridge, and yet during that entire period of time no definite plans were made for the construction of the bridge or the opening of the street. In view of such a situation, in view of the fact that two years have elapsed and nothing has been done by the city, we believe the lower court was right in the refusal to admit the evidence, and the judgment and decree of the lower court must be, and it is hereby, affirmed.

ANDERSON, C. J., and KINTZINGER, POWERS, and HAMILTON, JJ., concur.