## 24232. RHINES *v.* COMMISSIONERS OF CHATHAM COUNTY.

STEPHENS, J. 1. It is only where property has been appropriated or damaged by the erection and maintenance of a public improvement that the owner can recover upon the theory that his property has been appropriated or damaged for public purposes. There can be no recovery upon this theory for damages flowing merely from an improper or defective or negligent construction or maintenance of the improvement, which results in an abatable continuing nuisance. *Floyd County* v. *Fincher*, 169 *Ga.* 460, 462 (150 S. E. 577); *Howard* v. *County of Bibb*, 127 *Ga.* 291 (56 S. E 418); *Ellis* v. *Floyd County*, 24 *Ga. App.* 717 (4), 718 (102 S. E. 181).

2. Where a county in constructing a roadway across a canal or stream of water reduces the size of the drain or passageway under the roadway, and thereby reduces the capacity of the canal to carry off under the roadway the waters flowing into the canal, and thus causes the waters coming into the canal as a result of heavy rains to back up on the surrounding territory and flow on adjoining land, and thereby damage the fertility of the soil and destroy growing crops, the damage thus sustained is not caused by the erection or maintenance by the county of the roadway over the canal, although there is under the roadway a restricted and insufficient passageway for the waters of the canal, but is caused solely from the negligent backing up of the water as a result of an improper or defective or negligent construction or maintenance of the improvement erected over the canal, and amounting to an abatable continuing nuisance for which a county is not liable.

3. In a suit by the landowner against the county to recover for the damage indicated, the petition as amended failed to set out a cause of action, and the court did not err in sustaining the general demurrer thereto. *City Council of Augusta* v. *Lamar*, 37 *Ga. App.* 418 (140 S. E. 763).

Judgment affirmed. *Jenkins, P. J., concurs. Sutton, J., dissents.*

DECIDED FEBRUARY 23, 1935.

*Oliver & Oliver*, for plaintiff.   *John J. Bouhan*, for defendants.

SUTTON, J., dissenting.   I am of the opinion that the portion of plaintiff's pleadings that set up damage of a permanent nature to the land involved in this case, and decreased the value of the same by the construction of a fill on a public road, set out a cause of action good against general demurrer.   Therefore I dissent from the judgment of affirmance.