C. E. R. EDMOND, Appellant, v. SIOUX CITY, Appellee.

No. 44459.

Pendleton & Browning, for appellant.

H. C. Harper, John D. Beardsley, R. C. Crary, and Virgil DeWitt, for appellee.

MITCHELL, C. J.—C. E. R. Edmond commenced an action against the city of Sioux City, alleging that he was the owner of two double houses located on certain lots in Shearer's subdivision of parts of Block 59, Sioux City proper and 76 of Sioux City East Addition for about twenty-two years.

Thirteenth Street, on which plaintiff's property is located, runs east and west. The first street intersecting Thirteenth Street practically a block east of plaintiff's property is Main Street. Cook Street is the first intersecting street crossing Thirteenth Street to the west.

The city of Sioux City in December of 1931 commenced a project to straighten the channel of Perry Creek. Before this was done Perry Creek ran west of the Edmond property and gradually curved to the east behind it. It crossed Thirteenth Street, running practically north and south, and curved east. The work of constructing a bridge across the new channel was not completed until in 1934.

Before the project was commenced the tenants in the Edmond houses, going to town, could go east about a half block to Main Street, then south and east to the business section, on paved streets. During the period from the starting of the project until the bridge was constructed, the tenants could go to

1060

town by walking along the bank of the creek and then across a foot-bridge, and if they desired to go by auto they had to go around to Cook Street, which was a little out of their way.

The sole claim for damages was an alleged loss of rentals during the period of time the new channel of the creek remained open and without a bridge.

The City of Sioux City filed answer, in which it alleged that said work was done as a public improvement, to remove danger of floods, and to assist in the drainage in the said district; that the tenants of the houses had been furnished access from the west; that the improvement had not damaged the Edmond property and had not interfered with access thereto; that if there was any injury to the plaintiff it is *damnum absque injuria.*

There was a trial to the jury, which returned a verdict for the city. Edmond has appealed.

The only damage for which appellant seeks to recover is his alleged loss of rentals during the period the ditch was under construction and before the bridge was completed. Appellant relies upon the case of Graham v. Sioux City, reported in 219 Iowa 594, 258 N. W. 902, which was an action growing out of the construction of this same bridge. The error relied upon in that case was the overruling of the offer of evidence on the part of the city to prove that the closing of the street was a part of the necessary repairs, was temporary in character and was being carried on with reasonable dispatch. This court held it was not error to refuse such offer of proof, and it is interesting to note, to the writer of this opinion, who also wrote the opinion in the case of Graham v. Sioux City, supra, that the attorneys for Sioux City now concede the rule laid down in that case is correct. At the time of the Graham case the bridge had not been built, whereas in the case at bar the bridge was constructed. The evidence shows that there was a falling-off in the rentals during the years 1929 to 1934, but the witnesses offered by appellant, real estate men, familiar with rental conditions in Sioux City, testified that there was a general decrease in rentals in all parts of the city during that period of time of approximately twenty-five per cent, due to business conditions. The question of whether the loss in rentals was due to the fact that there was some inconvenience to the tenants in this property, during the period of the construction, or to general conditions prevailing

during what is now commonly known as the depression years—1931, 1932 and 1933, was for the jury, and the jury upon proper instructions found for the city.

There is some complaint also in regard to instructions given by the court. They have been carefully considered. Finding no error, it necessarily follows that the judgment and decree must be, and it is hereby affirmed.—Affirmed.

All Justices concur.