MRS. JAMES E. BLANK et al., appellants, v. IOWA STATE HIGH-
WAY COMMISSION (members), appellees.

No. 50312.

(Reported in 109 N.W.2d 713)

Appeal from Johnson District Court—CLAIR E. HAMILTON, Judge.

JUNE 13, 1961.

REHEARING DENIED AUGUST 14, 1961.

D. C. Nolan and G. A. Schlaegel, both of Iowa City, for appellants.

Evan Hultman, Attorney General, C. J. Lyman, Special Assistant Attorney General for Iowa State Highway Commission, of Ames, and William L. Meardon, of Iowa City, for appellees.

PETERSON, J.—This is a mandamus action, praying that a writ issue against Iowa State Highway Commission, to compel institution of a condemnation action for damages caused plaintiffs by closing the street in front of their place of business, completely destroying access to the business for a period of four months.

Mrs. James E. Blank and Rick Breumer owned and operated a root beer and sandwich stand, and E. R. Christle a gasoline station, on Riverside Drive in Iowa City. The properties abutted the river on the rear, and since the street was closed to all traffic, their access was completely closed.

Defendant filed motion to dismiss. The facts were stipulated. The motion was sustained. Plaintiffs appealed.

The question is whether there are any constitutional or statutory provisions to sustain plaintiffs' claims.

Section 18 of Article I of our Constitution provides: "Private property shall not be taken for public use without just compensation first being made * * *." There is no statutory provision covering the specific situation involved.

We have often considered the question of following the constitutional provision where there is an encroachment, and property is actually taken.

We have recently allowed damages where there is no actual encroachment, but access, air, light and view have been *permanently* destroyed or curtailed. Liddick v. City of Council Bluffs, 232 Iowa 197, 5 N.W.2d 361; Anderlik v. Iowa State Highway Commission, 240 Iowa 919, 38 N.W.2d 605.

Where there is a temporary closing of a road for purposes of widening or improvement, there is no actual taking as contemplated by the Constitution, nor *permanent* loss of access, air, light and view, and abutting property owners are not entitled to damages from a city, county or the Highway Commission. Graham v. Sioux City, 219 Iowa 594, 258 N.W. 902; Sheeley v. Chippewa County, 217 Wis. 41, 258 N.W. 373; Wilson v. Iowa State Highway Commission, 249 Iowa 994, 90 N.W.2d 161, 169.

In Graham v. Sioux City, supra, the city had changed the channel of a stream and placed the creek seven feet from the northeast corner of plaintiff's property. It had barricaded the street in front of plaintiff's property, destroying access to the east, and left the situation in that condition for two years. Verdict was rendered for plaintiff, and this court did not reverse, holding the city had no definite plans for improvement, and that: "It seems to us that a delay of two years cannot be said to be a temporary one." However, the court approved the following language from McQuillin, Municipal Corporations, 2d Ed., section 2116 at page 596 of 219 Iowa: " 'I am of the opinion that the extent of the immunity of a municipal corporation from liability for obstructing streets in making public improvements is for the period reasonably necessary for the performance of the work, with immunity also from liability for errors of judgment with respect to the period required for the

performance of the work and from liability for delays caused by contractors without its fault.'"

In the case at bar plaintiffs do not allege unreasonable delay; in fact affirmatively state they are not basing their case on that premise.

In Wilson v. Iowa State Highway Commission, supra (at page 1007 of 249 Iowa), we stated: "Mr. Wilson testified: 'The Highway department have been out there for five months and it appears that they will be out there about five more months'; that since traffic had been detoured they were not operating the café, and that the center slab of the paving was completed but the side strips were not. The court properly instructed that in making its allowance to plaintiffs the jury should not consider their loss of revenue from that cause. Upon retrial, evidence of this nature should be avoided."

In the Wisconsin case of Sheeley v. Chippewa County, supra, where the road was closed for nine months, the court said at page 45 of 217 Wis., page 375 of 258 N.W.: "While the temporary closing of a highway for repairs or reconstruction * * * must always result in loss of profits or business to one whose place of business abuts upon the portion of the highway so temporarily closed, no recovery may be had in the absence of a statute authorizing such recovery."

■■■ The weight of authority in the nation is contrary to appellants' contention. 18 Am. Jur., Eminent Domain, section 142, page 769; Northern Transportation Co. v. Chicago, 99 U. S. 635, 25 L. Ed. 336; Oldfield v. Tulsa, 170 Okla. 329, 41 P.2d 71, 98 A. L. R. 953; Farrell v. Rose, 253 N. Y. 73, 170 N.E. 498, 68 A. L. R. 1505; People ex rel. Dept. of Pub. Wks. v. Ayon, 54 Cal. 2d 217, 5 Cal. Rptr. 151, 352 P.2d 519; Thompson v. City of Mobile, 240 Ala. 523, 199 So. 862; Donaghey v. Lincoln, Ark., 287 S.W. 407; Anselmo v. Cox, 135 Conn. 78, 60 A.2d 767; Sholars v. Louisiana Highway Comm., La. App., 6 So.2d 153; Hurley v. State, 199 Misc. 843, 105 N. Y. S.2d 349, 110 N. Y. S.2d 820; Rhines v. Commissioners of Chatham County, 50 Ga. App. 844, 179 S.E. 140; State v. Hall, 195 Minn. 79, 261 N.W. 874; In re West Marginal Way in City of Seattle, 109 Wash. 116, 186 P. 644.

As a statement of general law, 18 Am. Jur., supra, states: "In general the law permits a recovery only for property permanently depreciated, taken, or injured by the making of public improvements. The mere fact that the improvement renders for a time the use of property more inconvenient is not a 'taking,' there being no physical invasion of the real estate of a private owner."

A typical and pertinent statement appears in the Louisiana case of Sholars v. Louisiana Highway Comm., supra, at page 155 of 6 So.2d: "We think a pecuniary loss of this character is not comprehended within the 'or damaged' provision of the Constitution because such a loss is not in reality a damage to the property but a personal deprivation to the owner. It is in effect an injury to business and it has been held that business losses due to public improvements are not compensable under the quoted constitutional guaranty * * * [citing cases]. In addition to these reasons it is settled beyond debate that temporary interference with property rights or the rendering for a time use of property more inconvenient, when done for public purposes, do not amount to a 'taking' and loss resulting therefrom does not fall within the 'or damaged' organic provision. Sacrifices of this character are due by all property owners for the benefit of the general public."

The States of Texas and Massachusetts seem to take a position somewhat favorable to appellants' contention, but this is the minority rule.

Appellants place some weight on section 314.7 contained in the chapter on "General Administrative Provisions for Highways." In part, the section states: "* * * Nor shall they [officers, employees or contractors] destroy or injure reasonable ingress or egress to any property, *or turn the natural drainage of the surface water* to the injury of adjoining owners." (Emphasis ours.) It is obvious this has reference only to destroying permanently the "ingress or egress", as the drainage clause clearly indicates.

Appellants cite, but do not argue, Nalon v. Sioux City, 216 Iowa 1041, 250 N.W. 166, and Hathaway v. Sioux City, 244 Iowa 508, 57 N.W.2d 228. They pertain only to damages for *perma-*

*nent* loss of access. Perkins v. Palo Alto County, 245 Iowa 310, 60 N.W.2d 562.

The case is affirmed.—Affirmed.

All JUSTICES concur.