SURETY SAVINGS & LOAN ASSOCIATION, Appellant, v. STATE OF WISCONSIN (Division of Highways), Respondent. [Case No. 94.]

KILIAN and wife, Appellants, v. STATE, Respondent. [Case No. 95.]

*Nos. 94, 95. Argued March 1, 1972.—Decided March 28, 1972.*
(Also reported in 195 N. W. 2d 464.)

For the appellant in Case No. 94 there was a brief by *Hugh R. Braun*, attorney, and *Peregrine, Marcuvitz, Cameron, Braun & Peltin, S.C.*, of counsel, all of Milwaukee, and oral argument by *Hugh R. Braun*.

For the appellants in Case No. 95 there was a brief by *Schroeder, Gedlen, Riester & Moerke*, attorneys, and *Ewald L. Moerke, Jr.*, and *Lewis A. Posekany, Jr.*, of counsel, all of Milwaukee, and oral argument by *Ewald L. Moerke, Jr.*

For the respondent in Case No. 94 the cause was argued by *William H. Wilker*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

For the respondent in Case No. 95 the cause was argued by *William H. Wilker*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

HANLEY, J. The sole issue presented on this appeal is whether appellants should be compensated for damages suffered because of the termination of their right to direct access to U. S. Highway 41.[1]

---

[1] The issue presented herein is substantially the same as that discussed in an extensive annotation at Annot. (1972), 42 A. L. R. 3d 13, entitled *Abutting Owner's Right to Damages for Limitation of Access Caused by Conversion of Conventional Road Into Limited-Access Highway.*

Compensation would be required if a property right was so impaired as to amount to a taking of land. Such would be the case if action by the state resulted in denying all access to a parcel of land. *Carazalla v. State* (1955), 269 Wis. 593, 70 N. W. 2d 208, 71 N. W. 2d 276. However, injury to property resulting from the exercise of the police power of the state does not necessitate compensation. *Luber v. Milwaukee County* (1970), 47 Wis. 2d 271, 177 N. W. 2d 380. As stated in *Nick v. State Highway Comm.* (1961), 13 Wis. 2d 511, 514, 109 N. W. 2d 71, 111 N. W. 2d 95:

"An impairment of the use of property by the exercise of police power, where the property itself is not taken by the state, does not entitle the owner of such property to a right to compensation. The law on this subject remains as we stated it in *State ex rel. Carter v. Harper* (1923), 182 Wis. 148, 153, 196 N. W. 451,—a zoning case,

" '. . . incidental damage to property resulting from governmental activities, or laws passed in the promotion of the public welfare, is not considered a taking of the property for which compensation must be made.' "

The designation of a highway as a controlled-access highway is an exercise of the police power. *Nick v. State, supra,* at pages 513 and 514.

This court has frequently held, therefore, that there is no compensable taking when direct access to a controlled-access highway is denied, where other access is given or otherwise exists. *Carazalla v. State, supra; Stefan Auto Body v. State Highway Comm.* (1963), 21 Wis. 2d 363, 124 N. W. 2d 319; *McKenna v. State Highway Comm.* (1965), 28 Wis. 2d 179, 135 N. W. 2d 827; *Schneider v. State* (1971), 51 Wis. 2d 458, 187 N. W. 2d 172. Since the department in this case granted reasonable access to a service road when it terminated direct access to the highway, under the foregoing rules of law, the appellants are not entitled to compensation for the termination of their direct access.

Appellants contend, however, that the state cannot grant access to a controlled-access highway and later take that right of direct access away, unless it pays compensation. It is asserted that granting only temporary access to a new highway is of no value to the landowner and is equivalent to landlocking it, since the owner remains in doubt as to whether he could develop the property with reference to highway uses. This contention ignores the fact that there is no property right to the flow of traffic along a highway. *Stefan Auto Body v. State Highway Comm., supra.* Rather, the right of access involves only the right to enter and leave the property without being forced to trespass across the land of another. It does not include any right to develop property with reference to the type of access granted or to have access at any particular point on the boundary lines of the property. Since appellants have always had access available to them, no property right was taken. There is no suggestion that the frontage road access furnished is inadequate or unreasonable.

Appellants further contend that sec. 84.25 (5), Stats., under which the department granted special access permits to this controlled-access highway, contemplates only permanent exceptions to the declaration of controlled access. This construction is erroneous. The statute in question reads as follows:

"(5) USE OF HIGHWAY. No person shall have any right of entrance upon or departure from or travel across any controlled-access highway, or to or from abutting lands except at places designated and provided for such purposes, and on such terms and conditions as may be specified from *time to time* by the highway commission." (Emphasis supplied.)

We think the emphasized words in this section demonstrate the legislature's intent to give the highway commission continuing power to review and modify its au-

thorizations for access to or across a controlled-access highway.

Appellants conclude that the only reason the state allowed them direct access to the highway was to avoid the necessity of paying damages for landlocking the property. If that was the fact, it is irrelevant. The important question is not why direct access was given, but whether appellants were ever denied access. It is clear they were not.

Both appellants rely heavily on the doctrine of estoppel. However, estoppel is rarely applied against a government or one of its agencies, especially when it is seeking to exercise its police power. *Park Bldg. Corp. v. Industrial Comm.* (1960), 9 Wis. 2d 78, 87, 88, 100 N. W. 2d 571. In order to establish estoppel, the acts of the state agency must be proved by clear and distinct evidence and must amount to a fraud or a manifest abuse of discretion. *Jefferson v. Eiffler* (1962), 16 Wis. 2d 123, 132, 133, 113 N. W. 2d 834. One of the elements which must be proven in order for estoppel to be applied is that the injured party acted honestly and in good-faith reliance on the conduct of the department. Here the appellants had no right to assume the direct access granted them would never be terminated. The record reveals that, from the earliest planning stages of this project, the department contemplated granting direct access to the highway to some property owners, which access would be terminated when frontage roads became practicable. The transcript of the public hearing held on June 6, 1950, on the proposal to designate U. S. Highway 41 as a controlled-access highway, shows that this plan was explained to those assembled:

"It is to be expected that in certain cases property entrances connecting with the through road will be authorized in the initial development of the highway, and that these entrances directly to the through roadway will

be extinguished by subsequent establishment of a service road, in which case access from property to the through roadway would be via the service road."

The record also reveals that an agent of appellant Kilian attended this meeting.

Moreover, the recorded declaration of controlled access clearly reveals that the department contemplated granting direct access to the highway, but terminating the right of direct access in the event a frontage road was constructed. The document provides as follows:

"(8) Where and when a service road, separated from the roadway(s) for through travel of the controlled-access highways, is established, opened to public travel, and maintained by or under specific approval of the Commission, the right of direct access between the abutting property and the near roadway for through travel authorized under this Finding, Determination and Declaration shall cease, and in lieu thereof there shall be the right of direct access between the abutting property and the near service road and via the service road to and from the nearest roadway for through travel of the controlled-access highway at places where the service road connects with the roadway for through travel. The access between abutting property and a service road shall be the usual right of access that prevails for highways not designated controlled-access highways."

Clearly, under the above document the appellants had no right to assume that direct access, once granted by the department, would be permanent.

Even if good-faith reliance could be shown in this case, the appellants have failed to establish inequitable conduct amounting to fraud, which must be applied against an agency of the state. *McKenna v. State Highway Comm., supra,* at page 186.

We conclude that appellants have no right to be compensated, under the provisions of sec. 32.09 (6) (b), Stats., merely because access to their property has been made more circuitous.

*By the Court.*—Judgments affirmed.