WEINANDT and wife, Respondents, v. CITY OF APPLETON, Appellant.

No. 43. Submitted May 3, 1973.—Decided June 5, 1973.
(Also reported in 207 N. W. 2d 673.)

For the appellant the cause was submitted on the brief of David G. Geenen, city attorney.

For the respondents the cause was submitted on the brief of Bonk, Lutz & Hertel of Chilton.

PER CURIAM. Plaintiffs-respondents state the question involved in this case as follows:

"Does Section 80.47 of the Wisconsin Revised [sic] Statutes authorize recovery to a non-benefiting, non-resident when a municipality which goes beyond its political borders, installs a 'public improvement' so as to close up and/or obstruct a part of a public highway which abuts the injured party's business property, causing 'consequential damages' to the injured party?"

The only damage claimed by plaintiffs is a decline in business and consequent loss of income during the period from April 4, 1969, to May 14, 1969, when the road was temporarily closed. In *Sheeley v. Chippewa County* (1935), 217 Wis. 41, 258 N. W. 373, it was held that damages for loss of profits or loss of business resulting from a temporary closing of that part of the street upon which a store and gas station abutted could not be recovered under sec. 80.47, Stats. Plaintiffs argue, and the trial court held, that the *Sheeley Case* was impliedly overruled by our decision in *Luber v. Milwaukee County* (1970), 47 Wis. 2d 271, 177 N. W. 2d 380. In the *Luber Case*, that portion of sec. 32.19 (4), limiting recovery of consequential damages for loss of rent in condemnation, was held unconstitutional because it conflicted with the just compensation requirements of art. I, sec. 13 of the Wisconsin Constitution. There is no taking in this case, so the just compensation question is not present. The *Luber Case* did not overrule *Sheeley v. Chippewa County*. The demurrer should have been sustained.

Ordinarily, when a case is remanded with directions to sustain a demurrer to the complaint, the plaintiff is given leave to file an amended pleading. In this case, however, it is apparent that no pleading could be drafted which would state a cause of action. Accordingly, the plaintiffs will not be granted an opportunity to replead.

The order is reversed and the cause remanded with directions to dismiss the complaint.