DeBRUIN and wife, and others, Appellants, v. GREEN
COUNTY, Respondent.

*No. 106 (1974). Argued April 12, 1976.—*
*Decided May 4, 1976.*
(Also reported in 241 N. W. 2d 167.)

For the appellants there were briefs by *Wickhem, Consigny, Sedor, Andrews & Hemming, S. C.,* and oral argument by *John H. Andrews,* all of Janesville.

For the respondent there was a brief by *Joseph D. Viney,* Green county corporation counsel, of Monroe, and *Benjamin Southwick,* special counsel to Green county, of Richland Center, and oral argument by *Benjamin Southwick.*

HANLEY, J. The sole issue presented on this appeal is as follows: In determining the value after condemnation of a parcel which has been diminished by a partial taking through eminent domain proceedings, may the temporary inconvenience caused by public improvements work be a factor on such value?

In Wis J I—Civil, Part II, 8125, the following rule is stated:

"Damages resulting from the inconvenience occasioned by the construction work does not constitute a compensable item in the sense that you will separately find that damage, but it is an item to be taken into consideration by you in determining the value of the property after the taking."

This guideline apparently grew from the decision of *Carazalla v. State* (1955), 269 Wis. 593, 70 N. W. 2d 208, 71 N. W. 2d 276, and the tacit reaffirmation of that aspect of the case in *Richards v. State* (1961), 14 Wis. 2d 597, 111 N. W. 2d 505.

In *Carazalla,* a highway which bordered the landowner's property was relocated so as to divide the parcel into three units. The trial court, over objection, allowed testimony and evidence on the inconvenience suffered by the landowner during construction of such highway. The relevancy of such evidence was justified in language embodied in the above jury instruction. Both the trial court and this court on appeal held the view that the fair market value of the property after an eminent domain

taking would be diminished in the eyes of prospective purchasers by the potential temporary inconvenience generated by the construction of the improvement necessitating the condemnation. *Carazalla, supra,* at 607. *Carazalla* and *Richards* relate to the statutory law applicable before the effective date of sec. 32.09 (6), Stats.

The measure of just compensation pertinent to the facts here is contained in sec. 32.09 (6), Stats.:

> "In the case of a partial taking, the compensation to be paid by the condemnor shall be determined by deducting from the fair market value of the whole property immediately before the date of evaluation, the fair market value of the remainder immediately after the date of evaluation, *assuming the completion of the public improvement* and giving effect, without allowance of offset for general benefits, and without restriction because of enumeration but without duplication, to the following items of loss or damage to the property where shown to exist:
>
> ". . ." (Emphasis added.)

Certain items of damage are enumerated. They include:

> "(b) Deprivation or restriction of existing right of access to highway from abutting land, provided that nothing herein shall operate to restrict the power of the state or any of its subdivisions or any municipality to deprive or restrict such access without compensation under any duly authorized exercise of the police power."

The eminent domain statute involved in *Carazalla* was not so precise and the court there apparently relied on the case law standard of the market value difference before and after the taking. *See: Id.* at 599, citing *Jeffery v. Osborne* (1911), 145 Wis. 351, 364, 129 N. W. 931 and *Nowaczyk v. Marathon County* (1931), 205 Wis. 536, 539, 238 N. W. 383. It is obvious that the after-taking value there was measured without an assumed status of the parcels as if the public improvement had been completed, which is the measure employed by current statute.

We think the trial court was correct in its rejection of the *Carazalla* rule.

There is, of course, the additional consideration of whether the current statute fails to comply with the constitutional minimum of "just compensation" under art. I, sec. 13 of the Wisconsin Constitution. *See: Luber v. Milwaukee County* (1970), 47 Wis. 2d 271, 275, 177 N. W. 2d 380. We hold that the constitutional standard is also met.

In its memorandum decision, the trial court identified the fallacious procedure sponsored by *Carazalla*. Implicit in that decision is the belief that a lump-sum award for inconvenience was unavailable but that the same evidence on the subject would be admissible because it would perhaps influence a purchaser's evaluation of a fair price for the same parcel. As the appraisal reports for the DeBruins demonstrated, the "influence" of the evidence results in discrete and identifiable portions of the market value that correlate to a lump-sum evaluation of inconvenience damage. The same award acknowledged as directly forbidden in *Carazalla* appears anyway in the indirect manner approved by the case. A competent appraiser using the income approach, for example, will certainly assign a monetary value to the loss of income and increased expense generated by the "inconvenience" factors in arriving at a proposed market value.

It is clear that the procedure approved in *Carazalla* would not have been allowed if the court had recognized that the same result would be reached under either approach. In that case the trial court further stated:

"It is an inconvenience that must be contemplated at the time the person buys, and it is within the purview and within the thought and mind of a person who buys at the time he buys immediately after the taking."

In *Carazalla* and in the instant case there was no evidence of any prospective purchasers at or immediately after

the taking. A more compelling reason for determining that the current statute does not deny just compensation is that the source of the inconvenience is in the subsequent variable use of the seized parcel rather than in the fact of its taking.

Damages as a result of governmental action are not the basis for compensation under our state constitution. There must be a "taking" of property to justify compensation. *Nick v. State Highway Comm.* (1961), 13 Wis. 2d 511, 109 N. W. 2d 71, 111 N. W. 2d 95; *Eggebeen v. Sonnenburg* (1941), 239 Wis. 213, 1 N. W. 2d 84, 138 A. L. R. 495. Limitations or restrictions on use do not so qualify unless the property rights are so impaired as to amount to a taking. *Stefan Auto Body v. State Highway Comm.* (1963), 21 Wis. 2d 363, 124 N. W. 2d 319; *Surety Savings & Loan Asso. v. State* (1972), 54 Wis. 2d 438, 195 N. W. 2d 464, appeal dismissed 409 U. S. 810, 93 Sup. Ct. 63, 34 L. Ed. 2d 65.

Segments of property taken from private owners through eminent domain proceedings and thereafter devoted to public purposes do not automatically result in "inconvenience" in the use of the remaining portions. The inconvenience stems generally either from the amount and location of the segment seized or, as here, on the nature of the improvement instituted on the segment. The former are losses in which the taking is a substantial factor and which are appropriately considered under the statute in arriving at compensation.

Inconvenience, however, is a factor only when the landowner's property rights in his remaining portion are so impaired that the owner has, in effect, had that portion taken also. That is not the case in the temporary isolation of the DeBruin property. The traditional justification is that use restrictions or limitations resulting from governmental action, denominated "inconvenience" for short, arise from the noncompensable exercise of the police

power. *See: Just v. Marinette County* (1972), 56 Wis. 2d 7, 14, 15, 201 N. W. 2d 761; *Howell Plaza, Inc. v. State Highway Comm.* (1975), 66 Wis. 2d 720, 226 N. W. 2d 185. If temporary highway repairs had otherwise impaired the DeBruins' access without a prior taking of their property, they would have no claim for compensation in the ordinary course of events. *Sheeley v. Chippewa County* (1935), 217 Wis. 41, 258 N. W. 373. Courts in other jurisdictions are in agreement that the temporary closing of a roadway for improvement constitutes no automatic taking for eminent domain purposes. *Blank v. Iowa State Highway Commission* (1961), 252 Iowa 1128, 109 N. W. 2d 713; *Kraft & Sons, Inc. v. City of Lincoln* (1967), 182 Neb. 187, 153 N. W. 2d 725. It is clearly an aspect of the police power and is not compensable merely because property rights were affected in the process. If the inconvenience were a permanent impairment of the use of the remaining portion, then a "taking" rather than the mere exercise of police power could be involved.

The DeBruins cite *Petkus v. State Highway Comm.* (1964), 24 Wis. 2d 643, 130 N. W. 2d 253, for the proposition that the assumed completion of the public improvement for after-taking evaluation purposes refers only to "special benefits." It is not so limited. As shown above, the phrase imports a point in time when the ultimate losses due solely to the severance in a partial taking may be identified. That point in time is also when all the temporary inconveniences generated by the exercise of the police power have ceased, while any remaining infringement on the property rights in the retained portion may be reviewed as to whether they result in a constructive taking. The portion of *Carazalla* allowing consideration of inconvenience in a partial taking is incorrect insofar as it grants indirect compensation for the effects of the exercise of police power, a form of compensation denied to all other claimants.

A review of the testimony of an appraisal witness for the DeBruins in fact shows that he stated his "market value including inconvenience" did not follow the statutorily required assumption of completion of the project. Another witness testified to the same effect. The appellants are attempting to be compensated indirectly for a damage item which they admittedly could not be compensated for directly.

We conclude that during-construction damages do not flow from the concept of "just compensation," but rather they are an incident of an exercise of the police power and so are not compensable.

*By the Court.*—Judgment affirmed.