COURT OF APPEALS
DECISION
DATED AND FILED

February 24, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP646**

STATE OF WISCONSIN

Cir. Ct. No. 2019CV491

IN COURT OF APPEALS
DISTRICT IV

---

EQK BRIDGEVIEW PLAZA, INC.,

    PETITIONER-APPELLANT,

V.

STATE OF WISCONSIN, DEPARTMENT OF TRANSPORTATION,

    RESPONDENT-RESPONDENT.

---

APPEAL from an order of the circuit court for La Crosse County: ELLIOTT M. LEVINE, Judge. *Affirmed.*

Before Kloppenburg, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. EQK Bridgeview Plaza, Inc., (EQK) owns commercial property that is located along U.S. Highway 53 in the City of La Crosse.  As part of a highway improvement project for Highway 53, the Wisconsin Department of Transportation (DOT) took, through eminent domain procedures, a portion of EQK's property.  Also as part of the project, DOT closed two driveways from EQK's property directly to Highway 53.  After completion of the project, EQK has three access points via two side streets to Highway 53.  DOT compensated EQK for the property it took as part of the project but not for the closure of EQK's two driveways to Highway 53.

¶2     EQK filed an inverse condemnation petition asking the circuit court to determine that DOT's closure of EQK's two driveways constitutes a taking under the United States and Wisconsin Constitutions.  The petition asked the court to order that DOT provide compensation for the closure of the driveways and that this action be consolidated with the separate condemnation action that EQK brought concerning DOT's compensation for the property it took unrelated to the closure of the driveways.

¶3     The parties each moved for summary judgment.  The circuit court granted DOT's motion and denied EQK's motion, concluding that the closure of the two driveways does not constitute a taking entitling EQK to compensation. EQK appeals, arguing that DOT's closure of the two driveways is a taking entitling EQK to compensation because DOT took EQK's "vested rights" to the driveways in the absence of any valid police power to do so or, alternatively, without properly exercising its police power to do so.  We reject EQK's argument because the record establishes that EQK had no "vested access rights" in the two driveways, based on the unambiguous language in a 1956 award of damages and following this court's recently issued opinion, which we deem persuasive, in a

case concerning a claim for compensation for the closure of a driveway in a similar factual context. *See DEKK Prop. Dev., LLC v. DOT*, No. 2020AP2146 (Wis. Ct. App. Jan. 27, 2022) (not recommended for publication).[1] Accordingly, we affirm.

## BACKGROUND

¶4 The parties do not dispute the following material facts.

¶5 EQK owns commercial property comprising a shopping plaza that abuts U.S. Highway 53 on the property's northwest side. In 2016, DOT undertook a highway improvement project along Highway 53. As part of the 2016 project, DOT took, through eminent domain procedures, a portion of EQK's property. DOT awarded compensation for the property it took, and EQK challenged the amount of compensation in an action separate from this action.

¶6 Also as part of the 2016 project, DOT closed two driveways that connected EQK's property directly to Highway 53. Specifically, DOT closed the driveways by removing the curb cut to the two driveways and constructing new curbs and gutters. After completion of the 2016 project, EQK has three access points from its property to Highway 53. Two of the access points are via pre-

---

[1] We note that DOT submitted to this court a notice of additional authority regarding our decision in *DEKK Prop. Dev., LLC v. DOT*, No. 2020AP2146, unpublished slip op. at ¶¶25-27 (WI App Jan. 27, 2022), that did not follow the rule of appellate procedure governing such notices under WIS. STAT. § 809.19(10) (2019-20), a failure highlighted by EQK in its response. However, independently of DOT's notice, we have deemed *DEKK* persuasive. *See* WIS. STAT. RULE 809.23(3)(b) (permitting the citation of authored, unpublished opinions issued after July 1, 2009, for their persuasive value).

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

existing driveways to a side street on the south side of the property that connects to Highway 53. The third access point was newly created as part of the 2016 project and is via a new driveway to a side street on the northeast side of the property; the side street connects with State Highway 35 at a lighted traffic signal intersection, and Highway 35 connects with Highway 53 to the west.[2] The new intersection of the side street and Highway 35 also includes a dedicated right-turn lane for traffic traveling along Highway 35 from the direction of Highway 53 and into EQK's property. The third access point in particular provides safer and quicker access between EQK's property and Highway 53 than did the two closed driveways. DOT did not compensate EQK for the closure of the two driveways to Highway 53.

¶7 In connection with the 2016 project, DOT recorded, in the office of the county's register of deeds, a transportation project plat signed by a professional land surveyor and showing the land interests that DOT acquired as part of the 2016 project. The plat reflects that EQK's access to Highway 53 was restricted by "previous acquisition/control." The following history of EQK's property vis-à-vis Highway 53 is pertinent to this reference to "previous acquisition/control."

¶8 In 1956, the State Highway Commission[3] issued an award of damages by which it purchased "all existing, future, or potential common law or

---

[2] For ease of visualization, the three now-existing access points and the two closed driveways all extend from different parts of the EQK property's parking lot.

[3] The parties do not dispute that the State Highway Commission is the predecessor agency to DOT. For convenience, we will refer to DOT when referencing the earlier projects and their associated awards of damages and driveway permits.

statutory easements or rights of access between any traveled way of [Highway 53]" and the property now owned by EQK.

¶9      The 1956 award of damages further provided:

> Excepted from this award of damages is the right of access to [U.S. Highway 53] from said abutting lands on the southeast side of the highway by means of one existing private driveway … and by means of one proposed private driveway to be constructed at some future date by the awardee subject to the regulations of [DOT].

¶10     Thus, the 1956 award of damages referenced two driveways, one existing and one proposed. DOT issued a driveway permit for the proposed driveway in 1961.

¶11     In 1964, DOT issued another award of damages separate from the 1956 award. This award similarly referred to the right of access allowed by the 1956 award by means of two driveways to Highway 53 subject to DOT regulations. Specifically, the 1964 award of damages stated that the allowance of the "right of access … by means of two access points on the southeast side of [Highway 53]" was via driveways "[p]ursuant to provisions of Section 86.07(2) Statutes." *See* WIS. STAT. § 86.07(2) (1963) (regulations concerning highway access).

¶12     In 1970, DOT issued a driveway permit relocating the "existing private driveway" from the EQK property to Highway 53, referenced in the 1956 award of damages, further south along the EQK property. Thus, as of 1970, DOT had issued permits for each of two driveways referenced in the 1956 and 1964 awards of damages.

¶13 Following DOT's closure of those two driveways as part of the 2016 project, EQK filed an inverse condemnation petition alleging that the closure of the two driveways took EQK's "deeded access rights" for which DOT must compensate EQK. The petition alleged that the 1956 award of damages created two "deeded access points," which DOT closed as part of the 2016 project. The petition alleged that DOT claimed that it closed the two access points under WIS. STAT. §§ 84.09 and 86.07(2)(a), but that § 84.09 does not involve DOT's exercise of police power and DOT did not revoke the driveway permits for the two access points under § 86.07(2)(a). Accordingly, the petition sought compensation for DOT's closure of the two driveways and consolidation of this action with the action EQK filed challenging the amount of compensation DOT paid for the property that it acquired as part of the 2016 project.

¶14 The parties each moved for summary judgment. Summarizing as best we can, EQK argued that the 1956 award of damages created "deeded access rights" that were excluded from DOT's acquisition in 1956 and which DOT physically took when DOT closed the two driveways in 2016; that DOT had no police power to close the two driveways; and, alternatively, that DOT did not properly invoke its police power. DOT argued that the closure of the driveways did not constitute a taking when EQK has other points of access; that EQK had no property right in a specific access point nor any "deeded access rights" pursuant to the 1956 award of damages, but only a "revocable permitted interest" in a "permissive driveway connection" that DOT properly closed for safety reasons pursuant to its police power to control access to its highways; and that EQK cannot show that DOT physically occupied EQK's property when the curb cut removal and new curb installation occurred within DOT's own right-of-way.

¶15 The circuit court granted summary judgment in DOT's favor and denied EQK's motion. In its oral ruling, the court concluded that EQK failed to show a "per se" taking of any right because EQK had only a conditional right to the two driveways, subject to DOT's police power "to close access when needed," and because EQK has other points of access to Highway 53. The court also concluded that EQK's argument that DOT failed to follow the driveway permitting regulatory scheme did not support a taking claim.

¶16 EQK appeals.

## DISCUSSION

¶17 We review summary judgment de novo, using the same methodology as the circuit court. *R.W. Docks & Slips v. State*, 2001 WI 73, ¶12, 244 Wis. 2d 497, 628 N.W.2d 781. Summary judgment shall be granted where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

¶18 The United States and Wisconsin Constitutions prohibit the taking of private property without just compensation. U.S. CONST. amend. V; WIS. CONST. art. I, § 13. "In order to trigger the 'just compensation' clause under either the Wisconsin Constitution or the U.S. Constitution, there must be a 'taking' of private property for public use." *E-L Enters., Inc. v. Milwaukee Metro. Sewerage Dist.*, 2010 WI 58, ¶21, 326 Wis. 2d 82, 785 N.W.2d 409. Under both Constitutions, two types of governmental conduct can constitute a taking: (1) an actual physical occupation of private property (referred to as a physical taking); or (2) a restriction that deprives an owner of all, or substantially all, of the beneficial

use of his or her property (referred to as a regulatory taking).[4] *Id.*, ¶22 (citation omitted).

¶19    EQK commenced this action under WIS. STAT. § 32.10, alleging that DOT took EQK's "driveway rights" without exercising DOT's condemnation power and that EQK is entitled to compensation for that taking. *See* WIS. STAT. § 32.10 ("If any property has been occupied by a person possessing the power of condemnation and if the person has not exercised the power," the owner may institute condemnation proceedings.).

¶20    On appeal, EQK largely reiterates the arguments that it made in the circuit court. Specifically, EQK argues that the 1956 award of damages created "vested access rights" that were excluded from DOT's acquisition in 1956 and which DOT physically took when DOT closed the two driveways in 2016, without having any police power to do so or, alternatively, without properly invoking its police power when it failed to follow statutory procedures for revoking driveway permits.

¶21    As we explain, EQK's arguments on appeal fail because they are premised on EQK's having had "vested access rights" to Highway 53 via the two driveways that DOT closed, but the record establishes that EQK possessed no "vested access rights" to Highway 53 via the two driveways for DOT to take. Rather, the 1956 award of damages unambiguously conveyed to DOT all rights of

---

[4] In the circuit court, EQK asserted only a physical taking. On appeal, EQK at times indicates that it asserts only a physical taking, but also states that, should we accept its argument that EQK lacked police power to close the driveways, we should remand the issue of whether the taking is physical or regulatory. Because we reject EQK's taking claim regardless of whether it asserts a physical or regulatory taking for reasons we explain below, EQK's remand request is moot.

access between EQK's property and Highway 53, and reserved only EQK's ability to access the highway via two driveways subject to DOT's regulatory authority.

¶22    An award of damages conveys property rights to the condemning authority for a specified amount of compensation. *See* WIS. STAT. § 32.05(7)(b) (providing that the award describe the property to be taken, the interest to be condemned, and the compensation for the taking); ***Sonday v. Dave Kohel Agency, Inc.***, 2006 WI 92, ¶45, 293 Wis. 2d 458, 718 N.W.2d 631 ("In a condemnation action in Wisconsin, the title to the property is conveyed to the government and the title vests in that government entity as of the date and time of the recording of the compensation award."). For purposes of construing the terms of the award, DOT in the circuit court likened the award to a contract, and EQK on appeal likens the award to a deed. Both parties agree that the language of the award, construed as a contract or a deed, is unambiguous. Therefore, the construction of the award presents a question of law. *See* ***Konneker v. Romano***, 2010 WI 65, ¶23, 326 Wis. 2d 268, 785 N.W.2d 432 ("The construction of an unambiguous deed is … a question of law.").

¶23    The 1956 award of damages states that, for the improvement of Highway 53, DOT acquires "all existing, future, or potential common law or statutory easements or rights of access between" Highway 53 and the property now owned by EQK. The award also states:

> Excepted from this award of damages is the right of access to said highway from said abutting lands on the southeast side of the highway by means of one existing private driveway, the center of which lies southeasterly at right angles opposite Station 76+96 of the Road Plans on file with [DOT], and by means of one proposed private driveway to be constructed at some future date by the awardee subject to the regulations of [DOT].

¶24    This court recently construed very similar language in a case in which the plaintiff sought compensation for DOT's closure of a driveway to State Trunk Highway 50 as part of highway improvement project, where DOT compensated the plaintiff only for the portion of its property that DOT took through eminent domain procedures, unrelated to the driveway closure.  *See DEKK*, No. 2020AP2146, ¶1.  In that case, DOT had in 1961 acquired by deed "all existing, future or potential common law or statutory easements or rights of access between any traveled way of S.T.H. 50, and the … land of the owner … it abuts upon said highway."  *Id.*, ¶¶7 n.3, 32.  The deed also contained the following driveway reservation:

> Except there is reserved the right of access to said highway by means of one restricted driveway same to be used only for barber shop purposes for the term of fifteen years from the date of this conveyance and then to become a private driveway conforming to the regulations of the [DOT].  Said driveway to be constructed with its eastern limits along the east line of the owner's property line in conformance with [DOT] policy.

*Id.*, ¶33.

¶25    We interpreted these terms to have conveyed all rights of access from the property to DOT, and to have reserved a right of access to only one driveway in a specific location that must conform to DOT regulations.  We clarified, citing WIS. ADMIN. CODE § TRANS 231.03(2) (Nov. 2021), that DOT acquired "the authority to regulate [plaintiff's] reserved driveway pursuant to DOT regulations, including the right to close that driveway if it unduly impairs the

'safety, convenience, and utility of the highway.'"[5] *Id.*, ¶34. We determined that DOT in 1961 took, and paid compensation for, all of the property owner's rights of access; and that, in addition, DOT acquired the property owner's right to apply for future driveway permits and to be judged on the criteria in DOT regulations, including DOT's authority to remove the driveway. *Id.*, ¶37 (citing ***Narloch v. DOT, Div. of Highways, Div. II***, 115 Wis. 2d 419, 432, 340 N.W.2d 542 (1983)). We concluded that DOT acquired, and paid compensation for, all rights of access between the plaintiff's property and the highway, reserving for the plaintiff only "restricted" access via a single driveway "subject to limitations and conditions, including a DOT regulation that authorizes the DOT to close [plaintiff's] driveway based on the DOT's determination regarding safety, convenience, and utility." *DEKK*, No. 2020AP2146, ¶¶39-40.

---

[5] Under WIS. ADMIN. CODE § TRANS 231.01(1) (Nov. 2021), DOT is authorized to issue permits pursuant to WIS. STAT. § 86.07(2) for driveways between state trunk highways and abutting property. Under § 86.07, DOT is authorized to regulate driveways to highways (requiring permits for "mak[ing] any excavation or fill or install[ing] any culvert or mak[ing] any other alteration in any highway" and authorizing DOT to make regulations "necessary and proper for the preservation of highways, or for the safety of the public, and to make the granting of any such permit conditional thereon"). Under § TRANS 231.03(2), "[t]he number of driveways permitted serving a single property frontage along a state trunk highway shall be the minimum deemed necessary by the department for reasonable service to the property without undue impairment of safety, convenience, and utility of the highway."

By their terms, these regulatory provisions apply to state trunk highways. EQK argues that Highway 53 is not a controlled access highway, a freeway, or an interstate highway. EQK does not argue that Highway 53 is not a state trunk highway.

All references to WIS. ADMIN. CODE ch. TRANS 231 are to the November 2021 register date.

11

¶26    We discern no difference that matters between the language construed in **DEKK** and the language here.[6]   Here, as in **DEKK**, applying the literal meaning of the words in the 1956 award of damages, we conclude that DOT acquired and paid compensation for all rights of access between EQK's property and Highway 53, and that all that was excepted from the acquisition was the conditional ability for EQK to apply for driveway permits for two driveways at two locations which would both be subject to DOT regulations.   Those DOT regulations authorize DOT to close driveways in the interests of public safety and convenience.   *See id.*, ¶¶25-27; WIS. ADMIN. CODE § TRANS 231.01(1); WIS. STAT. § 86.07.

¶27    In its only argument directed at the construction of the 1956 award of damages, EQK points to its use of the word "except" and the dictionary definition of "except" as "with the exclusion … of."   Based on this definition, EQK argues that when the award provided that DOT was acquiring all access rights "except" the two driveways, the driveways were excluded from the access rights that DOT acquired.   However, EQK ignores that the exception was conditioned on DOT regulations:  "[e]xcepted from this award of damages is the right of access to said highway … *subject to the regulations of [DOT]*."   (Emphasis added.)   As we explained in **DEKK**, the award of damages did not reserve a full, unconditional right of access through the driveways exception.   Rather the exception is for two driveway connections to Highway 53 at two

---

[6]   Specifically, there is no relevant difference between "excepted" and "reserved" as used to allow a right of access via the driveways in this case and in **DEKK**, respectively.   "While there is a distinct difference between an exception and a reservation, the words are often used interchangeably.   A reservation is something taken back from the grant while an exception is some part of the estate described in general terms in the deed which is not granted."  **Murphy v. Sunset Hills Ass'n**, 243 Wis. 139, 143, 9 N.W.2d 613 (1943).

particular points, subject to permitting and closure under WIS. ADMIN. CODE § TRANS 231.03(2). *See DEKK*, No. 2020AP2146, ¶39.

¶28 In sum, EQK did not possess a "deeded" or "vested" right of access via the driveways because under the 1956 award of damages DOT acquired all access rights between the property and Highway 53, reserving only the qualified and restricted ability to access the highway through two driveways subject to DOT regulation. Accordingly, EQK's arguments in support of its position that it is entitled to compensation for the closure of the two driveways, all of which are premised on EQK's possession of "vested access rights" via the two driveways, fail.[7]

---

[7] Separately from the failure of the "vested access rights" premise on which all of EQK's arguments are based, we make three observations.

First, as to EQK's argument that DOT lacked police power over the driveways, we observe that this court in *DEKK* ruled that DOT possesses police power to regulate driveway access between a property and a state trunk highway, including to close a driveway, in the interests of public safety and convenience. *See DEKK*, No. 2020AP2146, ¶¶25-27.

Second, as to EQK's argument that DOT improperly invoked its police power by not following statutory procedures for revoking driveway permits, we observe that, without stating any opinion as to whether DOT failed to follow procedures for revoking driveway permits, we agree with DOT that the case law on which EQK relies is inapt and does not support the proposition that such a failure would "transform[] what would otherwise be an authorized police power exercise into a taking."

Third, we observe that within the context of takings jurisprudence, the removal of access to EQK's property via the two driveways that were subject to DOT regulation (as we have explained above) falls properly within the realm of a regulatory taking as opposed to a physical taking. *See Surety Sav. & Loan Ass'n v. DOT, Div. of Highways*, 54 Wis. 2d 438, 443, 195 N.W.2d 4645 (1972) (a regulatory taking may occur if government action results in "denying all access to a parcel of land"). However, the record establishes that EQK cannot establish a regulatory taking given that three points of access to Highway 53 remain after the two directly connecting driveways to Highway 53 were closed as part of the 2016 project. *See National Auto Truckstops, Inc. v. DOT*, 2003 WI 95, ¶19, 263 Wis. 2d 649, 665 N.W.2d 198 ("deprivation of direct access to a highway does not constitute a taking of property provided *reasonable access* remains." (citation omitted)).

13

**CONCLUSION**

¶29 For the reasons stated, we conclude that DOT is entitled to summary judgment dismissing EQK's taking claim. Accordingly, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.